Commonwealth *v.* Perdok, Appellant.

302

Argued March 20, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Bernard S. Shire*, with him *Ezerski & Shire*, for appellant.

*Edward Doran*, Assistant District Attorney, with him *Richard E. McCormick*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, June 7, 1963:

This is another case[1] involving a conviction under the radar provisions of The Vehicle Code. The perti-

---

[1] See *Commonwealth v. Bartley*, 411 Pa. 286, 191 A. 2d 673 (1963).

nent parts of §1002 (d.1) (1) of the Code provide: "No conviction shall be had upon evidence obtained through the use of radar apparatus unless—(i) it is of a type approved by the secretary, and (ii) it has been calibrated and tested for accuracy and found accurate or adjusted for accuracy within a period of thirty days prior to the alleged violation. . . .

. . .

"(2) The secretary shall have authority to appoint official stations for calibrating and testing radar apparatus, and may prescribe regulations as to the manner in which such calibrations and tests shall be made, and shall issue to such stations official inspection certificate forms.

"An official certificate from an official inspection station, showing that the calibration and tests required by this subsection were made within the required period, and that the radar apparatus was accurate or was adjusted for accuracy, shall be competent and prima facie evidence of . . . the accuracy of the radar apparatus. . . ." At the hearing before the lower court, the only evidence offered to prove statutory prerequisites (i) and (ii) was the foregoing certificate of accuracy.

## Exhibit "A"

---

*Commonwealth of Pennsylvania*
*Department of Revenue*
BUREAU OF TRAFFIC SAFETY

## CERTIFICATE
## OF
## RADAR SPEEDMETER ACCURACY

This is to certify The Bendix Corporation, York Division has received notification and designation as an Official Radar Speedmeter Testing Station and that radar speedmeter, Model S-5, Serial 5092, manufactured by Eastern Industries, Inc. *and approved by the Secretary of Revenue as provided by Section 1002(D.1), of the Vehicle Code,* Act No. 48—April 28th, 1961 as amended, was tested and

calibrated this 23rd day of October 1961 and accuracies established as shown below:

| INDICATED SPEED | TRUE SPEED | INDICATED SPEED | TRUE SPEED |
|---|---|---|---|
| 10 | — | 60 | 59.7 |
| 15 | 14.5 | 65 | 64.8 |
| 20 | 19.4 | 70 | 70.0 |
| 25 | 24.4 | 75 | 75.1 |
| 30 | 29.5 | 80 | 80.0 |
| 35 | 34.3 | 85 | 85.3 |
| 40 | 39.4 | 90 | 90.8 |
| 45 | 44.6 | 95 | 96.2 |
| 50 | 49.7 | 100 | 102.3 |
| 55 | 54.8 | | |

This is to certify that the following tuning forks have been tested and accuracies established as shown below and are acceptable standards for conducting field calibration.

| SERIAL NUMBER | NOMINAL SPEED | TRUE SPEED |
|---|---|---|
| 5022 | 35 | 35.0 |
| 5120 | 50 | 50.0 |
| 5122 | 60 | 60.0 |
| 5204 | 65 | 65.0 |

James R. Shultz    P1-3-3180    James L. Russell
Name    FCC License    Name
The Bendix Corp., York Div.,    The Bendix Corp., York Div.,
York, Pa.    York, Pa.
Address    Address
To be signed by person making test or calibrating Radar Speedmeter.    To be signed by engineer in charge of Official Radar Speedmeter Testing Station.
Form RTS-471

(Emphasis supplied). This document was admitted over appellant's objections and appellant was convicted of speeding. An appeal to this Court followed.

Appellant raises two contentions: First, he maintains that the foregoing certificate does not satisfy §1002(d.1)(2) which provides that a "certificate . . . showing . . . that the radar apparatus was accurate . . . shall be competent and prima facie evidence of the . . . accuracy of the radar apparatus. . . ."; and second, that the certificate of accuracy is incompetent as hearsay evidence to prove that the Secretary of Revenue had approved this type of machine.

With regard to the first question, it is not necessary for the official testing station to make the precise statement that "this machine has been found accurate" in order to meet the statutory requirement set forth above. The title of the document manifests this conclusion by the statement that it is a "Certificate of

Radar Speedmeter Accuracy." Having adjusted the machine for accuracy, the testing station issued the certificate in question. Had they been unable to adjust and calibrate the machine within acceptable limits, such certificate would not have been issued.

Since this document is prima facie evidence of the accuracy of the machine, the burden of proof was upon appellant to establish that it was not accurate. Appellant failed to sustain this burden. By its use of the word "accurate" the legislature did not require absolute exactness since no machine is capable of such precise measurement. However, it did not intend that the variance between true speed and indicated speed should be of such a magnitude as to prejudice the driver. Applying the statistics contained in the table of the certificate to the facts of the instant case, it is evident that the differential between true speed and indicated speed did not prejudice appellant who was timed at 59 miles per hour. After making adjustment for this variance, we find that the true speed of appellant at the time he was stopped for speeding was 58.7 miles per hour, considerably in excess of the 50 miles per hour legal limit for trucks.[2]

Although we approve the admission of the aforesaid certificate for the limited purpose of proving that the machine was accurate, we must reverse the conviction on the ground that this certificate was not admissible to prove prerequisite (i) of the Act of 1961, i.e., that the radar apparatus used be "of a type approved by the [S]ecretary." A careful reading of the Act discloses that §1002(d.1)(2), supra, only confers admissibility on the certificate used to prove the *accuracy* of radar apparatus; it is silent as to proving the Secretary's approval. Since the statement in question is hearsay,

---

[2] Act of April 29, 1959, P.L. 58, §1002, as amended, 75 P.S. §1002(c).

in the absence of an exempting statutory provision it is only admissible if it falls within an exception to the hearsay rule.

The only two pertinent exceptions are those dealing with business records and official statements. Appellee was apparently under the erroneous impression that the exempting provision of §1002(d.1)(2), supra, also applied to the Secretary's approval and consequently made no effort to lay a foundation for the introduction of this item under the business records exception. There was no evidence introduced to show the identity and mode of preparation of the document, nor was there any testimony that it was made in the regular course of business at or near the time of the event. See Uniform Business Records as Evidence Act of May 4, 1939, P.L. 42, No. 35, §2, 28 P.S. §91b. Therefore, this item is not admissible under the business records exception.

This item is also inadmissible under the official statements exception. In order for a record to qualify under this exception, it is necessary that it be made pursuant to an official duty. See 5 Wigmore, Evidence, §1630 et seq. (3rd ed. 1940). Cf. *Fauceglia v. Harry*, 409 Pa. 155, 160, 185 A. 2d 598, 601 (1962). The official testing station, the Bendix Corporation, was under a duty to test and record the accuracy of the radar machines, but it was not part of its duty to approve the *type* of radar apparatus employed. Hence, this evidence is not admissible under the official statements exception.

At oral argument, counsel for appellee admitted that a letter of approval, signed by the Secretary, was in another room of the courthouse at the time of the hearing. The Secretary's approval should have been proved by this document and not by reference to the Secretary's approval contained in the "Certificate of

Radar Speedmeter Accuracy" since this document is only admissible to prove that the machine is accurate.

Judgment reversed.

Mr. Chief Justice BELL and Mr. Justice BENJAMIN R. JONES dissent.