Commonwealth *v.* Brose, Appellant.

Argued April 23, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Gus Milides,* for appellant.

*Charles H. Spaziani,* Assistant District Attorney, with him *Andrew L. Herster, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 10, 1963:
This case comes to us on appeal from a judgment of sentence of the Court of Quarter Sessions of North-ampton County. The defendant was charged with operating his motor vehicle at the rate of seventy miles per hour on Route 22 in Hanover Township, North-ampton County. An information was filed against the defendant with a justice of the peace in Hanover Township, by officers of the Pennsylvania State Po-lice. The defendant-appellant waived the hearing be-fore the justice of the peace and the matter was heard de novo by the Court of Quarter Sessions of North-

ampton County. After presentation of the Commonwealth's evidence the appellant moved for a judgment of not guilty because the Commonwealth had failed to prove that official warning signs had been erected on the highway, indicating that radar was in operation, as provided by the 1961 Amendment to The Vehicle Code (Act of April 28, 1961, P. L. 108, §2, 75 P.S. §1002). The court below took judicial notice of the existence of official warning signs on Route 22.

This appeal is before us on "broad certiorari" and it is our duty to determine whether the findings of the court below are supported by competent evidence and that the lower court committed no error of law. *First Bellefonte Bank v. Myers,* 410 Pa. 298, 301, 188 A. 2d 726[2] (1963).

It is our opinion that the trial judge erred in taking judicial notice of the existence of warning signs along Route 22. In order to convict under the act, the Commonwealth must prove the factors listed in the act.

The existence of signs on the road indicating that radar is in use is a necessary element of the Commonwealth's case. *Commonwealth v. Browning,* 5 Chester 76.

The Commonwealth has the burden of proving all of the elements of its case by competent evidence. In *Commonwealth v. Perdok,* 411 Pa. 301, 192 A. 2d 221 (1963), we reversed a radar speeding conviction for want of competent evidence of the fact that the apparatus was of a type approved by the Secretary of Revenue, another of the requisites of the statute.

The effort which the Commonwealth would have had to expend to prove the existence of warnings signs is small and this failure was to the benefit of the appellant and his motion should have been granted.

The judgment of the court below is reversed.