## Commonwealth v. Stump

*Merrill W. Kerlin*, for Commonwealth.

*Thomas Crider*, for defendant.

MacPHAIL, P. J., June 20, 1967.—This defendant was arrested under the radar provisions of The Vehicle

Code of April 29, 1959, P. L. 58, as amended April 28, 1961, P. L. 108, sec. 2, 75 PS §1002.

As part of its case, the Commonwealth introduced four exhibits: A certificate of radar speedometer accuracy, a certificate from the secretary approving the Bendex Corporation as a testing station for radar equipment, a certificate by the secretary approving the type of radar equipment used in this case and a certificate from the secretary specifying the size and type of official warning signs.

Defendant demurred and objected to the admissibility of the exhibits, for the reasons that the officer was unable to identify the signature on the certifications, that the officer was not present when the accuracy test of the radar apparatus was made, and that the certificate regarding accuracy is inadmissible, under the ruling of Commonwealth v. Perdok, 411 Pa. 301 (1963). We overruled defendant's objections regarding identification of the signature, because all of the certificates were under the seal of the department and were verified in proper form as required by the Act of April 29, 1959, P. L. 58, 75 PS §1224. We also overruled defendant's objection regarding the necessity of the presence of the officer when the accuracy test was made, because the Act of 1961, supra, specifically provides, in section (d.1 (2), that the certification from an official inspection station shall be prima facie evidence of the accuracy of the radar apparatus.

We took under advisement defendant's demurrer, because of his contention that the certificate of the radar speedometer accuracy was inadmissible under the Perdok case, supra. (The case was not available to us at the time of the hearing because of alterations in the courtroom.) In the Perdok case, a certificate similar to the one offered in evidence here was offered for two purposes, to prove the accuracy of the radar apparatus *and* to prove that the Secretary of Revenue had

approved the type of apparatus used in the arrest. The Supreme Court held the certificate admissible to prove the accuracy of the radar apparatus, but held it inadmissible to prove that the secretary had approved the particular radar apparatus used in the arrest, because the certificate would be hearsay as to that point.

Of course, in the case now before us, the Commonwealth has not attempted to use the certificate to prove anything other than the accuracy of the radar apparatus. As previously noted, the Commonwealth offered another exhibit to prove that the secretary had approved the type of apparatus used in the arrest. Clearly, the Perdok case is not applicable to the facts of the case now before us.

Accordingly, we rule that the exhibits are admissible for the purposes for which they were offered. The Commonwealth's testimony was that defendant was driving 68 miles per hour in a 55-mile-per-hour zone. The Commonwealth's case is complete, and the testimony offered has proved to us, beyond a reasonable doubt, that defendant was violating section 1002 of The Vehicle Code, at the time and place in question. The demurrer is overruled.

And now, June 20, 1967, the verdict of the court is that defendant is guilty as charged. Defendant is directed to appear in court for sentence on July 12, 1967, at 10 a.m., unless he shall have paid a fine in the sum of $10 for the use of Dublin Township and the costs of prosecution prior to that date. An exception to this order is noted for defendant.