## Commonwealth v. Rudelitch

*James A. Wimmer,* Assistant District Attorney, for Commonwealth.

*Martin H. Philip* and *John Yarema,* for defendant.

HEIMBACH, P. J., December 16, 1970.—Defendant was charged with and found guilty of speeding under section 1002(b)(6) of The Vehicle Code of April 29, 1959, P. L. 58. On defendant's petition, we issued a writ of certiorari. The record is before us for our examination as to the regularity of the proceedings.

Defendant seeks relief, inter alia, because

(a) No evidence was presented, orally or otherwise, that the radar apparatus used to sustain the charge of speeding was approved by the Secretary in accordance with the provisions of section 1002, Restriction as to speed:

"(d.1)(1). The rate of speed of any vehicle may be timed . . . through the use of radiomicrowaves, commonly referred to as . . . radar.

"No conviction shall be had upon evidence obtained through the use of radar apparatus unless—

"(i) it is of a type approved by the secretary, and

"(ii) it has been calibrated and tested for accuracy and found accurate or adjusted for accuracy within a period of thirty days prior to the alleged violation . . ."

We have reviewed the transcript. We note the following statement:

"And now Tpr. George J. Snerr was placed under oath and testified to the fact that he was operating said radar at US 209 on said day and time and observed defendant travelling at a rate of speed of 79 MPH in a 55 MPH zone. The Radar certificates were produced before this J of P"

and in answer to the question "Knowing the fact that a defendant's speedometer may not be accurate, does that mean anything to you when you make a radar speeding arrest?" the trooper said:

". . . it doesn't, because we have to have our equipment tested every 30 days."

The bare statement "radar certificates were produced," without indicating the type of radar apparatus covered by such certificates is meaningless. Nor may it be concluded from such statement, or the answer of the trooper, that the apparatus "has been calibrated and tested for accuracy and found accurate . . . within a period of thirty days prior to the alleged violation . . ." Absent this testimony, the conviction may not stand: Commonwealth v. Perdok, 411 Pa. 301, 192 A.2d 221; Commonwealth v. Sheetz, 27 D. & C. 2d 566.

In view of the above, it is unnecessary to pass on further exceptions.

We enter the following

### ORDER

And now, December 16, 1970, the judgment of the justice of the peace is set aside.