## Commonwealth v. Gratkowski

*William F. Morgan,* District Attorney, for Commonwealth.

*Richard Roeder,* for defendant.

WOLFE, P. J., January 23, 1973.—Defendant is here on his appeal from conviction for violation of section 1002(c) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS § 1002, for operating at a speed of 60 miles per hour when his permitted truck speed was in a 45-mile-per-hour limit.

On the merits, the court has found defendant guilty; however, the court has reserved ruling on defendant's demurrer, at the conclusion of the Commonwealth's case, which cited as grounds therefor that the Commonwealth failed to place into evidence an official certificate indicating the radar equipment used to time defendant's speed as being a type approved by the secretary; failed to offer an official certificate that the testing station of the radar apparatus was approved by the secretary and, finally, that the Commonwealth failed to establish that the proper warning signs were erected along the highway indicating radar is in use within the proper 10-mile intervals, as approved by the secretary. The Commonwealth offered in evidence a certificate of radar speedmeter accuracy certifying H. R. B. Singer, Inc., State College, Pa., "has received notification and designation as an official radar speedmeter testing station and that radar speedmeter, Model TR-6, Serial 3433/3436 manufactured by Kustom Signals, Inc., and approved by the Secretary of Revenue, as provided by Section 1002(d)(1) of The Vehicle Code, Act Number 48—April 28, 1961, as amended, was tested and calibrated the 12th day of September, 1972 and accuracies established as shown below." Following this language was the indicated speed and the true speed of the radar used by the officer who arrested defendant on September 23, 1972.

This argument was first advanced in the case of Commonwealth v. Perdok, 411 Pa. 301 (1963). A certificate was offered in the Perdok case and it reads identically to the certificate offered in the instant case. In Perdok, it was established at the hearing in the lower court that the only evidence offered to prove statutory prerequisites (i) (ii) was the certificate of radar speedmeter accuracy. The court held this certificate could only be sufficient evidence to prove radar was, in fact, accurate and could not be used to show or prove the radar was one approved by the secretary.

Since this ruling, however, there have been a number of cases that have held that oral testimony from the arresting officer, if the court considers it competent evidence, is sufficient to prove the radar is a type approved by the secretary and official warning signs have been erected on the highway by the proper authority indicating radar is in operation: Commonwealth v. Wheatley, 45 D. & C. 2d 649 (1968); Commonwealth v. Rudelitch, 50 D. & C. 2d 721 (1970); Commonwealth v. Brenneman, 54 D. & C. 2d 227 (1971).

In Commonwealth v. Corbett, 215 Pa. Superior Ct. 301 (1969), we find Commonwealth v. Perdok distinguished by the court's holding that, although there must be evidence to establish that the radar device used has been approved by the Secretary of Revenue, the requirement can be satisfied by testimony: "Commonwealth v. Perdok, 411 Pa. 301, 192 A. 2d 221 (1963), support's [sic] appellant's second contention that there must be evidence to establish the fact that the radar device being used must have been approved by the Secretary of Revenue. However, that requirement was satisfied by the testimony of the police officer, that he was using a Model S5, No. 5124, manu-

factured by Automatic Signal Devices, Eastern Industries Corporation, and by Exhibit No. 1 offered in evidence, being a certificate signed by Theodore B. Smith, Jr., Secretary of Revenue, and bearing the Commonwealth seal, stating that such a device had his approval. There is also in the record a certificate testing to the accuracy of the device."

In Commonwealth v. Kubelius, 209 Pa. Superior Ct. 535, 540 (1967), we find this language: "The only requirement is that the Commonwealth must prove 'official warning signs have been erected on the highway by the proper authority indicating that radar is in operation.' Therefore, oral testimony establishing such facts is competent and the credibility of such testimony is for the trial judge."

Finally, and to conclude defendant's argument, is Commonwealth v. McLaughlin, 51 D. & C. 2d 606 (1971), wherein a similar argument was advanced. The court therein found that this argument reflected the law of Pennsylvania as it existed when Commonwealth v. Perdok was resolved. However, on July 31, 1968, the Commonwealth Documents Law of July 31, 1968, P. L. 769 (No. 240), 45 PS §1101, was enacted. This act permits the court to take judicial notice of the secretary's approval of electromatic speedmeter devices. Here, the arresting officer testified unequivocally that signs were erected and properly spaced indicating radar was in use, the testing station for the radar he used was approved by the Secretary of Revenue, and the radar used was approved by the secretary. None of this testimony was contradicted or denied by defendant and we have no reason to reject it. The exhibit offered by the Commonwealth establishes the accuracy of the radar and the fact it was calibrated for accuracy within 30 days of the arrest.

Therefore, we find the Commonwealth has proved all of the prerequisites to convict when electronic speedmeters or radar are used to calculate speed. Since we have found on the merits defendant was, in fact, speeding, because he acknowledged his truck speedometer was broken and he was estimating his speed between 50 and 55 miles per hour, we find defendant guilty and make the following

### ORDER

And now, to wit, January 23, 1973, defendant is found guilty as charged and, in the absence of an appeal, is to appear before the court when summoned by the district attorney.

Exceptions to defendant.