**Commonwealth v. Hartzfeld**

*William F. Morgan,* District Attorney, for Commonwealth.

*John R. Fernan,* for defendant.

WOLFE, P. J., June 28, 1973.—This case has been brought to the court by virtue of an ex parte granting of a writ of certiorari on the petition of defendant alleging defendant's conviction in the magistrate's court was irregular and illegal and to the prejudice of defendant for the reason the transcript of the magistrate failed to indicate the number of lanes of the highway under section 1002(c) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, on a charge of speeding.

On March 28, 1973, defendant was operating a 1972 Mack tractor-trailer vehicle on U. S. Route 62 in Pine Grove Township approximately one and one-half miles from the New York State line. A citation was issued to him after his vehicle influenced the radar in operation to indicate that defendant was traveling 57 miles per hour when the allowed speed is 45 miles per hour.

On the return of the writ, no exceptions were taken by the Commonwealth nor was there any request by the Commonwealth to remand the transcript to the magistrate for amendments, additions or corrections, as provided by Pennsylvania Rule of Criminal Procedure 127.

Defendant's sole complaint is that the transcript fails to show whether the highway upon which he was traveling was of four or more lanes or less than four lanes and now argues this is essential to support his conviction and, since the transcript does not carry this information, the conviction before the magistrate could not have been sustained. After a review of the cases, we are compelled to agree.

In Commonwealth v. Banovich, 56 D. & C. 2d 383

(1971), Judge Coffroth wrote a very complete and historical opinion on the subject of certiorari, both criminal and civil. Among other things, Judge Coffroth points out that the history of the cases concludes that before a certiorari can be entertained as a matter of grace, it should appear that substantial justice was not done in the magistrate court. This case further points out, however, that when technical irregularities are alleged in the petition for certiorari, or upon return of the writ, the court should review the transcript in a nontechnical manner but rather determine if all of the essential elements were properly submitted to the magistrate irrespective if not couched in technical terms to sustain a conviction. Speaking of the early history of the writ, the court said:

"(9) In order to consider the merits of the offense at a time when the de novo appeal was not available, the courts found the need of a record from courts not of record. So the 'substance' of the evidence was required in criminal cases in order to provide a basis for review. But this requirement put a strain upon the magistrate who had no full record and upon his limited skill. It was one thing to expect him to know the essentials of the crime charged and to judge whether all essentials were proved; it was still another, even if he met the first test, to expect him to write a complete statement of the 'substance' of the evidence, as distinguished from statements of legal conclusions: Commonwealth v. Nesbit, 344 Pa. 398. The courts recognized the danger of establishing excessively strict standards which could not be met. 'Captious' exceptions should not be allowed: (Finney v. McMahon, 1 Yeates 247, 248); courts should not be 'hypercritical' in judging transcripts: (Commonwealth v. Davison, supra, page 135); we should not be 'astute' in discovering defects in such proceedings: Commonwealth v. Burkhart, 23 Pa. 521, 523."

In so reviewing the instant transcript, we first note that the citation issued to defendant on March 28, 1973, cites defendant for speeding 57 miles per hour in an allowed 45-mile-per-hour speed zone without indicating in the citation the number of lanes on U. S. Route 62 in Pine Grove Township, Warren County. Next, the magistrate's transcript is complete in every respect concerning the proper operation of the radar and requirements and in the taking of the testimony from the radar operator as well as the arresting officer and the other evidence necessary to sustain a conviction for speeding. On cross-examination, defendant questioned the Commonwealth's witness and the transcript indicates:

"When questioned as to the law stating the number of lanes and not the posting that is required, the witness (Commonwealth) stated Section 1002, SubSection (c) covers all trucks regardless of the number of lanes."

This is the only reference in the transcript touching upon this subject, but a broad reading of this language does not indicate whether the roadway consisted of two or four lanes.

Section 1002(c) provides, inter alia:

"All other commercial motor vehicles and truck tractors, all combinations of commercial motor vehicles or truck tractors and trailers or semi-trailers, fifty-five (55) miles per hour on highways having four (4) or more lanes, or forty-five (45) miles per hour having less than four (4) lanes."

Defendant argues that since the matter of the number of lanes was not before the magistrate and since section 1002(d) provides that when a vehicle's speed is clocked by radar, no conviction shall be had upon radar evidence unless, inter alia, the speed recorded is six or more miles per hour in excess of the legal speed

limit. If the route in question were four lanes, his legal speed could have been 61 miles per hour and if less than four lanes, his legal speed could have been 51 miles per hour, and he should have the benefit of this silent transcript and be exonerated.

In Commonwealth v. Brenneman, 54 D. & C. 2d 227, 13 Adams 18 (1971), on a writ of certiorari, defendant attacked the transcript as filed as being fatal when he was found guilty on a charge of speeding when the timing was by radar equipment in that the transcript failed to set forth: (a) the municipality and county where the offense occurred, (b) that official signs had been erected indicating radar was in operation, and (c) that the type of radar apparatus used was a type approved by the secretary. The court there discussed the applicability of Pa. R. Crim. P. 126(a) regulating the preparation of the transcript and its contents, requiring it to contain all the information required to be recorded on the magistrate's docket under Pa. R. Crim. P. 125, and concluded these rules do not apply when the record is before the court on certiorari from a summary judgment, and thus the court is guided by the cases prior to the adaptation of these rules. In effect, the court followed other decisions and, which we think is sound, holds Pa. R. Crim. P. 125 and 126 apply if defendant is bound over to court (a court case) and have no application in a summary judgment proceeding. The cases hold, as cited in Commonwealth v. Brenneman, supra, that the record before the court failed to state there was testimony that official signs had been erected to indicate that radar was in operation or was the type approved by the secretary, and concluded this was fatal to the transcript on certiorari from summary judgment: Commonwealth v. Rudelitch, 50 D. & C. 2d 721 (1970), and Commonwealth v. Perdok, 411 Pa. 301 (1963).

In Commonwealth v. Dobrinoff, 44 D. & C. 2d 679 (1968), on a writ of certiorari, the conviction by a justice of the peace on a charge of driving too fast for conditions under section 1002(a) of The Vehicle Code was set aside when the information failed to specify or estimate the speed at which defendant was allegedly driving too fast for conditions, since the transcript did not indicate the speed as required by section 1002(e).

This same reasoning is found in Commonwealth v. Reese, 1 D. & C. 2d 741 (1955), wherein, on appeal, after waiving a hearing, the information filed did not carry the speed at which defendant allegedly traveled but charged "too fast for conditions" under section 1002(a) and the motion to quash the information was granted.

The Commonwealth asks this court to take judicial notice of the fact that Route 62, one and one-half miles south of the New York State line in Pine Grove Township, Warren County, is a two-lane highway and thus formal proof of this matter is not required. A similar argument was advanced in Commonwealth v. Brose, 412 Pa. 276 (1963). There, defendant, after waiving a hearing before the magistrate and at the conclusion of the Commonwealth's case, moved for judgment because the Commonwealth had failed to prove that official warning signs had been erected on the highway indicating that radar was in operation. The trial court took judicial notice of the existence of official warning signs on the route in question. The court, on appeal, stated, "This appeal is before us on 'broad certiorari' and it is our duty to determine whether the findings of the court below are supported by competent evidence and that the lower court committed no error of law . . .

"It is our opinion that the trial judge erred in taking

judicial notice of the existence of warning signs along Route 22. In order to convict under the act, the Commonwealth *must prove* the factors listed in the act." (Italics supplied.)

The only reservation we have in the instant case that creates a doubt is that the arresting officer noted in the traffic citation the allowed speed is 45 miles per hour. By inference, this would indicate that the highway in question was less than four lanes and thus the magistrate could take notice of that fact, and to set it down in the transcript would be a futile and useless act. We think, however, this would be a dangerous precedent to set, for if this is accepted, there is nothing to safeguard the magistrates from literally taking judicial notice of all essential elements to sustain a conviction or permitting a conviction to rest upon inferences only. To convict, the Commonwealth must prove its case beyond a reasonable doubt and if any reasonable doubt exists, that doubt must be awarded to defendant. Convictions cannot rest on inferences or presumptions but must rest upon facts actually proved, and inferences are permitted after the facts are proved but are insufficient to sustain a conviction itself.

We , consequently, cannot view the absence of a finding in the transcript that the highway in question was a two lane or four lane highway as a technical matter and find that the omission substantially affects the rights of defendant, and for these reasons we make the following

## ORDER

And now, to wit, June 28, 1973, the conviction of defendant before the magistrate court is reversed, defendant's bail is released and defendant is discharged from the court.

Exceptions to the Commonwealth.