## Commonwealth v. Perrine

*Robert Banks*, First Assistant District Attorney, for Commonwealth.

*Michael Ristvey*, for defendant.

ACKER, J., January 2, 1974.—As initially presented a proposed order accompanied the petition for writ of certiorari praying this court to order the district magistrate to send a full and complete transcript of the records, all proceedings in the case and to secure the certificate of radar speedometer accuracy as introduced into evidence at the time of the hearing for consideration by the court.

Questioning the authority of the court to enter such an order, a rule to show cause why a writ of certiorari should not be granted as prayed for was issued upon the office of the district attorney. This court has concluded that it does not have the authority on a writ of certiorari to direct the district magistrate to send pieces of physical evidence which were introduced and

used by the district magistrate at the time of the determination of the case before him. This is particularly true in this case in view of the district magistrate having returned to the Pennsylvania State Police their certificate of radar speedometer accuracy.

The basic contention of petitioner appears to be that the certificate of radar speed accuracy is invalid because the person who signed it did not indicate upon the affidavit his authority for the authorized company in State College, Pa., to do so. The Act of April 29, 1959, P.L. 58, sec. 1002, as amended, 75 PS §1002-(d)(2), provides that the secretary shall have authority to appoint official stations for testing speedometers and may prescribe regulations as to the manner in which such tests shall be made and shall issue to such stations official inspection certificate forms. It is further provided, under subsection (9)(2), that an official certificate from an official inspection station is prima facie evidence of the fact that the certificate was issued by an official inspection station appointed by the secretary and of the accuracy of the radar apparatus in every proceeding where an information is brought charging a violation of this section.

Petitioner cites Commonwealth v. Perdok, 411 Pa. 301, 192 A. 2d 221 (1963). The conviction in this case, however, was reversed because the authority for a certificate of accuracy does not prove whether the instrument was of the type approved by the secretary. In that opinion, the certificate of radar speedometer accuracy was printed in full. It is noted that form RTS-471 provides that the test is to be signed by the person making the test or calibrating the radar speedometer and also to be signed by the engineer in charge of the official radar speedometer testing station. It does not appear that the person must, in fact, sign his capacity after his name as contended by counsel

for petitioner; rather, it appears that it is assumed that if he does, in fact, sign over the place giving instructions as to who is to sign, he is, in fact, serving in that capacity.

Wherefore, it does appear that there is a question as to the merits of petitioner's contention. However, this matter is not solved upon that basis. Writs of certiorari to justices of the peace are controlled by the Act of March 20, 1810, P.L. 208, 5 Sm.L. 161, sec. 21, et seq., 42 PS 951-960, et seq. The very matter here raised was passed upon contrary to the position of petitioner in Commonwealth v. Silverman, 62 Lanc. 25, 27 (1969):

"The defendant complains that the papers referred to in the record as letters were not included among the papers returned to the court. The letters were actually certificates by the Secretary of Revenue that the radar model had been approved, that the inspection station had been approved, and that the radar set had been tested for accuracy within thirty days. These certificates were pieces of evidence submitted by the Commonwealth before a court not of record and do not comprise a part of the record which must be returned under the writ of certiorari."

Likewise, in Commonwealth v. Zeigler, 42 D. & C. 2d 668 (1967), defendant submitted for the court's consideration stenographic notes of the testimony taken at the hearing before the justice of the peace, objecting that from these notes it could be determined by the court that the proceedings were defective. This the court refused to do, holding, page 670:

"These notes are not a part of the record, and an examination by us of this testimony to determine its sufficiency to support the issuing authority's decision is beyond the scope of certiorari: 7 P. L. Encyc. 1, §30; Darby v. Sharon Hill, 112 Pa. 66."

This court has no authority to consider the radar certificate on a writ of certiorari.

The remaining matter is whether to direct that a writ of certiorari be issued upon the district magistrate for other grounds that might be advanced. The only specific ground alleged in the petition for certiorari is as set forth above. However, petitioner desires to reserve the right to make additional objections to the transcript of the justice of the peace after it has been filed. We do not believe that there is such a right; rather, petitioner is obligated to set forth the grounds for review in the petition so that the court may determine whether or not there are legally cognizable grounds to permit such a review. In that the sole basis advanced is not legally cognizable under certiorari, the rule upon the office of the district attorney to show cause why a writ of certiorari should not be granted is discharged.

## ORDER

And now, January 21, 1974, it is hereby ordered and decreed that the rule issued upon the office of the District Attorney of Mercer County by writ of certiorari should not be granted is discharged.