293 So.2d 77 (1974)
Helen H. LEACH, Appellant,
v.
STATE of Florida, Appellee.
No. U-191.
District Court of Appeal of Florida, First District.
April 23, 1974.
Charles J. Cullom, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
McCORD, Judge.
This is an appeal from an order denying remission of bond petitioned for under Section 903.28, Florida Statutes, F.S.A. The pertinent part of said statute is as follows:
"(1) Within one year after forfeiture, the court may direct a partial or complete remission for reasonable cause. On application within one year from forfeiture, the court shall order remission if it determines that there was no breach of the bond. If the surety apprehends and surrenders the defendant within one year from forfeiture, the court shall order the forfeiture remitted unless the delay has thwarted the proper prosecution of the defendant."
Appellant, petitioner below, the mother of the defendant in a criminal case, procured a licensed bail bondsman to file an appearance bond for her son, who subsequently failed to appear. The $6,000 bond was estreated on August 19, 1971. Approximately *78 one month later, defendant was apprehended by agents of the Federal Bureau of Investigation in the State of Texas, and was returned to the Sheriff of Marion County, Florida, where he pled guilty to some of the charges against him and was sentenced to prison. Pursuant to an indemnity agreement, appellant reimbursed the corporate surety the amount of the bond and with her petition has filed disclaimers of the corporate surety and the bail bondsman showing their loss had been reimbursed by her. The defendant's return to custody in Marion County was within one year after forfeiture and appellant's petition for remission of forfeiture was filed June 15, 1972, within one year after forfeiture.
Hearings were not held on the petition until February 26, 1973, and June 25, 1973. The court's order denying remission was entered August 30, 1973, ordering as follows:
"... . petitioner's petition for reimbursement of bond be and the same is hereby denied as the defendant's surety did not apprehend and surrender the defendant within one year, therefore under the first sentence in Section 903.28 of the Florida Statutes, the Court did not have jurisdiction on either of the hearing dates as set forth above to order a remission in whole or in part, the forfeiture having occurred August 10, 1971."
The trial court evidently considered the last sentence of the above quoted statute not applicable to this case as the surety did not apprehend and surrender the defendant. We agree. This provision was apparently intended to reward a surety who through his own diligence apprehends the defendant.
We disagree, however, with the trial court's construction that it did not have jurisdiction to hear a petition filed within the one year period but which was not heard until after one year from the date of forfeiture. In reaching its conclusion, the trial court considered the first two sentences of the statute as separate pronouncements  each standing entirely alone. Under such construction, in a case falling under the first sentence of the statute, the trial court loses its jurisdiction if it does not rule upon a timely filed petition until the year has passed, but in a case falling under the second sentence of the statute, the jurisdiction of the court continues beyond the one year deadline. We consider that such construction brings forth an unreasonable result not intended by the legislature in that it makes a petitioner's right to remission hinge not upon his failure or inaction but upon lack of adjudication by the court within the one year period.
It is a basic rule of the statutory construction that a statute should not be construed so as to bring unreasonable or absurd consequences when, considered as a whole, the statute is fairly subject to another construction that will aid in accomplishing the manifest intent and purposes designed. City of Miami v. Romfh, 66 Fla. 280, 63 So. 440; State v. Willis, Fla.App. 124 So.2d 48. We consider that the first and second sentences of the statute should be construed in paramateria and find that the legislature intended the time limitations of both sentences to have the same meaning and apply to the time within which the petition or application for remission may be filed. If a petition or application for remission is filed within one year after forfeiture, the court may direct a partial or complete remission for reasonable cause even though its ruling is made more than one year after forfeiture.
Reversed and remanded for further appropriate proceedings.
RAWLS, C.J., and JOHNSON, J., concur.