## Commonwealth v. Bozzell, Jr.

*John W. Foley*, for defendant.

SUGERMAN, J., June 26, 1974.—Defendant, by way of certiorari, appeals from a conviction by a district justice of this county upon a charge of speeding, in violation of section 1002(b)(9) of The Vehicle Code.* The writ of certiorari is a constitutional prerogative issued out of the court of common pleas and is used to test not only the jurisdiction of the minor court but also the regularity and legality of all procedural matters before such minor court: Commonwealth v. Christensen, 12 Chester 107 (1964).

Defendant, alleging procedural and jurisdictional defects in the record of the district justice, has filed seven exceptions thereto. We need consider only one.

By exception number 3, defendant avers that the transcript of the district justice fails to indicate that the radar device, used to monitor defendant's speed, had been tested within 30 days of defendant's arrest.

The transcript is indeed silent with regard to such test, indicating merely,

---

* April 29, 1959, P. L. 58, sec. 1002, as amended, 75 PS §1002 (b)(9).

"[Arresting officer] I would like to submit into evidence our radar testing data which indicates the times the set was calibrated before the arrest . . ."

Section 1002(d.1)(1) of The Vehicle Code provides in pertinent part:

"No conviction shall be had upon evidence obtained through the use of radar apparatus unless

"(i) it is of a type approved by the secretary, and

"(ii) it has been calibrated and tested for accuracy and found accurate or adjusted for accuracy within a period of thirty days prior to the alleged violation."

Unless these requirements are satisfied by the Commonwealth's evidence, a defendant cannot be convicted. The failure to include such information in the transcript does not permit the court to determine whether the statutory requirements have been so satisfied, and such omission is fatal: Commonwealth v. Battistella, 34 D. & C. 2d 201 (1964).

The defect in the case at bar parallels that in Commonwealth v. Rudelitch, 50 D. & C. 2d 721 (1970), wherein the transcript of the justice contained the phrase, "The Radar certificates were produced before this J of P." Additionally, in answer to the question, "'Knowing the fact that a defendant's speedometer may not be accurate, does that mean anything to you when you make a radar speeding arrest?', the trooper said,

"'. . . it doesn't, because we have to have our equipment tested every 30 days.'"

In setting aside the judgment of conviction, the Carbon County court succinctly held:

"The bare statement 'radar certificates were produced,' without indicating the type of radar apparatus covered by such certificates is meaningless. Nor may it be concluded from such statement, or the answer of the trooper, that the apparatus 'has been cali-

brated and tested for accuracy and found accurate . . . within a period of thirty days prior to the alleged violation . . .' Absent this testimony, the conviction may not stand: Commonwealth v. Perdok, 411 Pa. 301, 192 A. 2d 221; Commonwealth v. Sheetz, 27 D. & C. 2d 566."

The instant transcript suffers equally and cannot support defendant's conviction.

### ORDER

And now, June 26, 1974, exception number 3 to the record of the district justice is sustained and the judgment of conviction heretofore entered against defendant is stricken off.