QUESTION: Does s. 298.12, F. S., allow the owners of land located within a water-management district created pursuant to Ch. 298, F. S., to vote by proxy in the annual election of a district supervisor?
SUMMARY: District landowners may vote by proxy in the annual elections of water-management district supervisors under s.298.12, F. S. The statutory sections with which your inquiry is concerned are ss. 298.11 and 298.12, F. S. Section 298.11
provides, among other things, that within 20 days of any water-management district's being organized pursuant to Ch. 298, id., the appropriate circuit court clerk shall give notice and call a meeting of landowners in the district for the purpose of electing the district's first board of supervisors. At the meeting, each district landowner (including the Department of Environmental Regulation on behalf of the State of Florida if the state owns land in the district) is entitled "to one vote in person or by proxy in writing duly signed, for every acre of land owned by him in such district." Section 298.11(2). The owners of a majority of the acreage included in such district shall be necessary to constitute a quorum for the purpose of holding such election, "or any election thereafter," and in the event that the owners of a majority of the acreage included in such district are not present "in person or duly represented" at the meeting, then no election shall be held, and the Department of Environmental Regulation shall appoint the district's board of supervisors. Section 298.11(3). Section 298.12, F. S., provides that every year after the election of a district's first board of supervisors, . . . it shall call a meeting of the landowners in the district in the same manner as is provided for in s. 298.11, and the owners of land in such district shall meet at the stated time and place and elect one supervisor therefor, or in the case of their failure to elect, the Department of [Environmental Regulation] shall appoint such supervisor, in like manner as prescribed in s. 298.11 . . . . The general rule applicable to your inquiry has been stated as follows: At the common law the right of franchise conferred on a member of a municipal corporation was considered as one in the nature of a personal trust committed to the judgment and discretion of the member as an individual, and was not delegable . . . [However,] the Legislature has the power to delegate the right and to extend to voters the privilege of voting by proxy. State ex rel, Green v. Holzmueller, 40 Del. 16, 5 A.2d 251, 253 (Super.Ct. 1939); see also Bontempo v. Carey, 64 N.J. Super. 51, 165 A.2d 222
(1960); Friesen v. People ex rel. Fletcher, 118 Colo. 1,192 P.2d 430 (1948); O'Brien v. Fuller, 93 N.H. 221, 39 A.2d 220 (1944); see generally 29 C.J.S. Elections s. 201(1), p. 558; cf. State v. Inter-American Center Authority, 84 So.2d 9, 14 (Fla. 1955), in which a similar rule is stated that "in the absence of statutory authority a public officer can not [sic] delegate his [discretionary] powers, even with the approval of the court." Applying this general rule to ss. 298.11 and 298.12, F. S., which must be construed together in order to ascertain legislative intent, see In re Opinion to the Governor, 60 So.2d 321, 324 (Fla. 1952), it is clear that district landowners have been expressly granted the privilege of voting by proxy in the election of their district's first board of supervisors under s. 298.11. As to whether district landowners may also vote by proxy in the annual election of a district supervisor under s. 298.12, the legislative intent is indicated by the language of s. 298.11(3) providing that a quorum of district landowners is absent both at the initial election of the board of supervisors and at "any election thereafter," if "the owners of a majority of the acreage included in such district are not present in person or duly represented." (Emphasis supplied.) In addition, s. 298.12 itself provides that the annual election meeting of a district's landowners shall be called "in the same manner as is provided for in s. 298.11," and that in the event of a failure to elect a supervisor at an annual district election the Department of Environmental Regulation shall appoint a supervisor "in like manner as prescribed in s. 298.11." The only circumstance in which the Department of Environmental Regulation appoints district supervisors under s. 298.11 is when a quorum of district landowners, i.e., district landowners "in person or duly represented," is not present and, therefore, an election by district landowners in person or by proxy cannot be held. (Emphasis supplied.) Thus, although the matter is not entirely free from doubt, I am of the opinion that district landowners may vote by proxy in the annual election of a district supervisor under s. 298.12. The conclusion reached herein is consistent with the proposition most recently enunciated in Spector v. Glisson, 305 So.2d 777, 781-782 (Fla. 1975), that, absent clear expression otherwise, the applicable constitutional or statutory language should always be resolved in favor of retention in the people of the power and opportunity to select officials of the people's choice. In this instance, therefore, where the applicable statutory language is subject to construction, any question as to whether district landowners may vote by proxy in annual elections of district supervisors under s.298.12, F. S., should be answered in the affirmative, since the alternative may be that the Department of Environmental Regulation will appoint such supervisors. Moreover, the conclusion reached herein is consistent with the well-accepted rule of statutory construction that statutes should be interpreted so as to avoid unreasonable or anomalous results. See Radio Tel. Communications, Inc. v. Southeastern Tel. Co., 170 So.2d 577, 580 (Fla. 1964); Leach v. State, 293 So.2d 77 (1 D.C.A. Fla., 1974). In this regard, it seems unreasonable to conclude that s. 298.11, id., allows district landowners to vote by proxy at the initial election of a district's board of supervisors, but that s. 298.12
precludes their voting by proxy at subsequent elections of district supervisors. I perceive no reasonable basis for such a distinction in the statutes. Your question is answered in the affirmative.