**STATE v. BECKER.**
No. P562-039.
County Court, Dade County.
May 2, 1978.

Steven N. Abramowitz of Mason & Meyerson, Miami, for the defendant.

ROY S. WOOD, Jr., County Court Judge.

This matter came before the court on defendant's motion for rehearing or judgment of acquittal and supporting memorandum of law. The finding of guilt was entered March 8, 1978, and the motion was timely received on March 28, 1978, pursuant to an extension of time allowed by the court in accordance with Rule 6.540, Florida Rules of Practice and Procedure for Traffic Courts. Oral argument hereon was heard April 27, 1978, pursuant to scheduling and notice by the clerk.

The defendant was charged with unlawful speed and the testimony established that the speed was determined by use of a doppler radar device. A certificate, properly witnessed and authenticated, was received in evidence pursuant to F.S. 316.1905 showing the device was tested for accuracy within the 6 month period specified by statute. A true copy thereof was then substituted in the record without objection.

The court's research has failed to uncover any Florida decisions dealing with the use of radar speed detection devices, but there is no scarcity thereof from other states. A comprehensive annotation on the subject appears at 47 A.L.R. 3d 822. The cases hold that speed measurements obtained from such instruments may be received in evidence without independent proof of the validity of the scientific principles involved, but a proper foundation must be established tending to show that the particular machine was performing accurately at the time the reading was obtained by which the defendant's speed is sought to be proved. Here, the certificate of testing called for by F.S. 316.1905(3)(b) was prima facie evidence of such accuracy, and its admission in evidence placed the burden of proof on the deefndant to establish that the machine was not performing accurately at such time. The Supreme Court of Pennsylvania has so held in a case on point dealing with a statute and a certificate substantially the same as those here involved.

*Commonwealth v. Perdox,* 411 Pa. 301, 192 A.2d 221 (Pa. 1963). The issue of proof of type approval by the Department is not raised in the instant case.

Defendant seeks to meet his burden of proof by establishing noncompliance with the administrative rules cited below. It is well settled, of course, that such rules have the force and effect of statute. *Florida Livestock Board v. Galdden,* 76 So.2d 291 (Fla. 1954). There is an equally well settled rule of construction which states that the manifest intent of the enactment will prevail over the literal import of particular words used therein, because no literal interpretation should be given that leads to an absurd or unreasonable result or to a purpose not intended by the lawmakers. *Leach v. State,* 293 So.2d 77 (Fla. 2 DCA 1974); 30 Fla. Jur., *Statutes* §84. Moreover, while considerations of convenience or sound public policy should never be solely controlling in the construction of constitutional or statutory provisions, they may be of great assistance in determining the meaning and intent of such provisions where there is some doubt arising from the uncertainty or generality of the language used. *Austin v. State ex rel-Christian,* 310 So.2d 289, 292 (Fla. 1975).

In order to meet his burden, the defendant must show that a particular provision of the administrative rule was not followed, and that such noncompliance bore some discernible and substantial relationship to the accuracy of the speed measurement offered as proof of defendant's infraction. Noncompliance, of course, cannot be established until the meaning of the provision is determined.

Defendant argues that the evidence establishes that the device was not properly tested for two reasons. First, the device was not tested by the same police officer who used it to determine the defendant's speed; second, the device was not tested over the entire range between twenty-five and ninety miles per hour. These arguments are based on Chapter 15B-2 of the Rules of the Department of Highway Safety and Motor Vehicles. A true copy thereof was attached to the motion for rehearing thereby permitting the court to notice it judicially. See *Mobely v. State,* 143 So.2d 821 (Fla. 1962).

In support of his contention that the test of the machine's accuracy must be performed by the officer who used the machine to obtain the proffered speed measurement, defendant relies on Rule 15B-2.04, which states —

> "The *operator* of a doppler radar device shall test the unit for speed accuracy as *outlined* in paragraph 15B-2.02(2) and complete a certificate, signed and witnessed, showing that such device was tested

within the time period specified and that such device was working properly." (Emphasis added)

There is no provision in paragraph 15B-2.02(2), or elsewhere in Chapter 15B-2, specifically stating the frequency with which the test referred to in paragraph 15B-2.02(4) is to be performed, nor are any procedures expressly set forth for conducting such test. F.S. 316.1905 requires a test for accuracy not less than once every six months, to be conducted according to procedures adopted by the Department and proven by certificate signed and witnessed. Either the Department has ignored the legislative mandate to adopt test procedures, or such procedures are to be found by reference within the terms of Chapter 15B-2. There is a legal presumption that public officials properly perform their duty. *Hayes v. Bowman*, 91 So.2d 795, 802 (Fla. 1957) ; *Hillsborough County Aviation Authority v. Taller & Cooper, Inc.*, 245 So.2d 100, 102 (Fla. 2 DCA 1971). Accordingly, if there is a possible construction of Chapter 15B-2 which permits a reference to such procedures to be gleaned therefrom, the court must adopt that construction.

Paragraph 15B-2.02(3) specifices that the manufacturer must insure that the device will maintain its accuracy for 6 months without recalibration, and that the manufacturer must furnish recalibration information with the equipment. Calibration implies a determination of a measurement, as well as an adjustment thereof. Webster's Third New International Dictionary, page 316. In oral argument, counsel for defendant conceded that the calibration process necessarily involves testing for accuracy. The only plausible construction of Chapter 15B-2 is to equate the calibration referred to therein with the test for accuracy referred to in F.S. 316.1905 and paragraph 15B-204. Thus, the evident intent of the rulemaker is to incorporate the calibration information furnished by the manufacturer as test procedures adopted by the Department in accordance with legislative mandate.

Calibration is a semiannual adjustment and testing of the machine which must be performed by either a licensed electronic technician, a jeweler, or watch repairsmith as specified in Rule 15B-2.02(3)(a) and (b). This is the only test required by law, and proof by certificate that it was performed on a particular radar device within 6 months prior to obtaining a speed measurement from such device will create a prima facie showing that the measurement was accurate in accordance with the rule laid down in Commonwealth v. Perdox, supra.

To accept defendant's argument that such testing must be done by each and every police officer who uses the machine would lead to an unreasonable result. It would impose a senseless duplication of effort on overtaxed law enforcement agencies, since one machine

is used by many officers. A considerable added expenditure of public funds would be needed to train each officer as an electronic technician, a jeweler, or a watch repairsmith. No such intent can be imputed to the framers of Chapter 15B-2.

Accordingly, the court concludes that the term "operator," as used in 15B-2.04, has reference to the state, county or municipal law enforcement agency which utilizes the doppler radar speed measurement device. The evident intent of 15B-2.04 is simply to provided that the calibration will be accomplished as required by statute and that it will be done by the local agency rather than the Department of Highway Safety and Motor Vehicles.

Defendant's second contention is that the certificate does not reflect calibration results for speeds greater than 70 miles per hour and that the speed measurement offered to prove defendant's speed should not be admitted in evidence, because Rule 15B-2.02(2) indicates that the machine must perform accurately at speeds between 25 and 90 miles per hour. This contention lacks merit, because the speed at which defendant's vehicle was measured fell within the range actually reflected on the certificate and thereby certified as accurate.

Defendant has failed to meet the burden of showing that the measurement of his speed obtained by the radar device was not accurate, nor has he raised any reasonable doubt as to the accuracy thereof.

Accordingly, it is hereby adjudged that the motion for rehearing (etc.) is denied.