358 So.2d 246 (1978)
ALLIED BONDING AGENCY, INC., a Florida Corporation, Appellant,
v.
STATE of Florida and Raymond Arthur McAbee, Appellees.
No. 77-600.
District Court of Appeal of Florida, Fourth District.
May 9, 1978.
C.J. Collom of Cullom & Cullom, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Basil S. Diamond and John D. Cecilian, Asst. Attys. Gen., West Palm Beach, for appellee-State of Florida.
DAUKSCH, Judge.
The trial court estreated the bond of a defendant who failed to appear and the appellant was required to forfeit the amount of the bond since it was the surety for the defendant. Within one year of the forfeiture the surety apprehended and surrendered the defendant to the court. The court readmitted the defendant to bail and a short time later the defendant was permitted to enter his plea of nolo contendere to the crime originally charged. When the bondsman went to the court to have the forfeited bond remitted this was denied even though Section 903.28, Florida Statutes (1975) says the court shall order the remission unless the delay has thwarted the proper prosecution of the defendant. United Bonding Insurance Company v. State, 242 So.2d 140 (Fla. 1 DCA 1970); Leach v. State, 293 So.2d 77, (Fla. 1 DCA 1974). The *247 record discloses no evidence the delay, caused by the defendant's having failed to appear, thwarted the proper prosecution of the defendant. Of course, any disappearance of a defendant delays and thereby somewhat thwarts prosecution but we cannot say every disappearance thwarts prosecution or the statute, Section 903.28, Florida Statutes (1975), would be rendered meaningless. That provision of the statute which provides remission of the forfeited bond is meant to reward a diligent surety for the return of the principal. Leach, supra. To disallow the remission would be to allow the diligent to go unrewarded and the lack of reward would surely lead to the thwarting of the prosecution because there would be no incentive to the surety.
The order denying the remission is reversed and this matter is remanded for entry of an order granting full remission of the bond to the surety.
REVERSED AND REMANDED.
CROSS and ANSTEAD, JJ., concur.