## Commonwealth v. Selleck

*Dean N. Livermore*, for the Commonwealth.
*Ronald C. Travis*, for defendant.

WOLLET, *J.*, January 19, 1982—Defendant, John L. Selleck, was found guilty by a district justice of speeding, in violation of 75 Pa.C.S.A. § 3362. Defendant appealed and a hearing de novo was held in the court of common pleas. The evidence presented indicated that Mr. Selleck was driving a tractor-trailer north on U.S. Route 15 in Clinton Township on March 17, 1981. Selleck's truck was spotted by Chief of Police Soellner of the Clinton Township Police Department, who was travelling in the opposite direction in his police car, which is equipped with a speed-timing device known as VASCAR-Plus. Chief Soellner clocked Mr. Selleck at a speed of 69.9 miles per hour, Selleck's truck

travelling .1336 miles (705.4 feet) in 6.87 seconds according to the measurements made by Chief Soellner and his VASCAR unit.

## DISCUSSION

The first issue raised by defendant is purely a legal one. Citing Com. v. Herdman, 31 Cambria L.J. 36 (1981), he asserts that a municipality must enact an ordinance and post warning signs concerning the use of VASCAR-Plus before it may be used as a speed-timing device. This analysis is based upon the following relevant statutory provisions from the Vehicle Code, 75 Pa.C.S.A. §6102.

• • •

(b) Local Authorities—Local Authorities may exercise the powers granted in this chapter only by duly enacted ordinances of their governing bodies. 75 Pa.C.S.A. §6109.

Specific Powers of department and local authorities.

(a) Enumeration of police power. The provisions of this title shall not be deemed to prevent . . . local authorities on streets or highways within their physical boundaries from the reasonable exercise of their police powers. The following are presumed to be reasonable exercises of police power:

(10) Altering or establishing speed limits as authorized (by 75 Pa.C.S.A. §3361 et seq.)

(11) Enforcement of speed restrictions (so authorized)

(c) When traffic-control devices required—No regulation or ordinance enacted under subsection (10 (or 11) . . . shall be effective until official traffic control devices giving notice of the traffic regulations or ordinances are erected upon or at the en-

trances to the highway or part thereof affected as may be most appropriate.

After careful consideration of the case cited and the relevant statutes, the court finds that the Cambria County Court's reasoning is not persuasive, and that the Vehicle Code does not require Clinton Township to enact an ordinance and post signs prior to the use of VASCAR-Plus to enforce speed limits within the township. Section 6109 enunciates existing police powers which the provisions of the code are not "deemed to prevent." Thus, the enforcement of speed restrictions is reserved for localities, and is unaffected by the other provisions of the code, including Section 6102. Section 6102 requires an ordinance only for powers "granted in this chapter," not for pre-existing powers. Thus, Section 6102 does not apply, and no ordinance is required authorizing speed enforcement by VASCAR-Plus.

Similarly, Section 6109(c) does not require the posting of signs before VASCAR may be used. The Cambria County case cited above relied upon another Cambria County case, Com. v. Rohrer, 31 Cambria L.J. 31 (1981), for the proposition that warning signs were required by the Vehicle Code before a speed-timing device known as E.S.P. (Excessive Speed Preventer) could be used. The Rohrer case, in turn, relied upon Com. v. Brose, 412 Pa. 276, 194 A. 2d 322 (1963). Brose, decided under sections of the Vehicle Code now repealed, required warning signs to be posted before radar could be used to enforce speeding laws. Such reliance on Brose is misplaced because radar warning signs were specifically required by the law then in existence and are not required under the present code

provisions. See 75 Pa.C.S.A. §3368. Section 6109(c) cannot be read to require the posting of signs for every means of enforcement used; rather, it requires the posting of signs for the general existence and enforcement of speeding regulations, i.e., speed limit signs. Thus, the legal arguments of defendant are rejected by the court.

Factually, the Commonwealth produced sufficient evidence to conclude beyond a reasonable doubt that defendant exceeded the 55 mile per hour speed limit. Expert testimony was presented showing the proper method for using the VASCAR-Plus unit. The officer's testimony, which was not rebutted, indicated that he used the equipment is accordance with those guidelines. The VASCAR-Plus unit is authorized by the Department of Transportation as required by 75 Pa.C.S.A. §3368(d): 10 Pa. Bull. 1074 (March 15, 1980). Finally, the VASCAR-Plus unit had been tested for accuracy at an Official Electrical-Mechanical Device Testing Station within 60 days, as required by 75 Pa.C.S.A. §3368(d).

## ORDER

And now, January 19, 1982, the district court administrator is hereby directed to set a time for defendant, John L. Selleck, to appear before the court for the purpose of sentence, with notice to the district attorney's office.