## Commonwealth v. Hurrell

*Joseph H. Kleinfelter, William A. Behe,* Assistant District Attorneys for the Commonwealth.
*Randall E. Zimmerman,* for defendant.

LIPSITT, *J.,* March 1, 1982 — Defendant, Vance Allen Hurrell, was issued a citation for driving in excess of 35 miles per hour in an urban district, as prescribed by the Vehicle Code, 75 Pa. C.S.A. §3362(a) (1). The charge resulted from the operation by the Harrisburg Police of a speed timing device known as "Speed Chek," a type approved by the Department of Transportation pursuant to 75 Pa.C.S.A. §3368(d), 67 Pa. Code §105.51. Defendant appealed a summary criminal conviction, and trial de novo was held in the court of common pleas. Defendant was again found guilty, and he thereafter filed post trial motions. These motions are now before this court.

Defendant contends evidence obtained through the use of speed timing devices is not admissible unless the local authority has enacted an ordinance specifically authorizing use of such devices and has erected signs giving specific warning of their use. He cites Commonwealth v. Herdman, 31 Camb. Co. L.J. 36 (1981) and the Vehicle Code, 75 Pa.C.S.A. §101 et seq., the relevant provisions of which follows:

§3368. Speed timing devices

••••

(c) Mechanical, electrical and electronic devices authorized.—

(1) The rate of speed of any vehicle may be timed on any highway by a police officer using a mechanical or electrical speed timing device.

....

§6102. Powers and duties of department and local authorities

....

(b) Local authorities. — Local authorities may exercise the powers granted in this chapter only by duly enacted ordinances of their governing bodies.

§6109. Specific powers of department and local authorities.

(a) Enumeration of police powers. — The provisions of this title shall not be deemed to prevent the department on State-designated highways and local authorities on streets or highways within their physical boundaries from the reasonable exercise of their police powers. The following are presumed to be reasonable exercises of police power:

....

(11) Enforcement of speed restrictions authorized under Subchapter F of Chapter 33. . . .

....

(b) Action by local authorities. — Action taken by local authorities under this section shall be:

(1) by ordinance of the local governing body; or

(2) by a commission or public official authorized to act on specified matters.

....

There are no applicable decisions of the Pennsylvania appellate courts.

The Herdman case and Commonwealth v. Lee, No. SA 1299 of 1981 (Allegheny County), conclude

that 75 Pa.C.S.A. §6102 requires the enactment of ordinances which specifically authorize speed timing devices. However, a careful examination of Section 6109(a) reveals that "[e]nforcement of speed restrictions authorized under Subchapter F of Chapter 33" by local authorities is a reasonable exercise of police power. Provisions of the Vehicle Code, including Section 6102, "shall not be deemed to prevent" exercise of this police power, 75 Pa.C.S.A. §6109(a). This court concurs with the Lycoming County Court's interpretation that "Section 6102 requires an ordinance only for powers 'granted in this chapter,' not for pre-existing powers" as enumerated in Section 6109(a). Commonwealth v. Selleck, No. 81-10, 369 (1981, Lycoming County). Although Section 6109(b) mandates an ordinance before the local authority may act on enumerated police powers, there is no requirement for explicit language beyond that provided by the legislature in Section 6109(a) (11).

Language enabling local officials to enforce speed restrictions as authorized under the Vehicle Code is sufficient to empower local police to use methods of enforcement provided by Chapter 33, including speed timing devices. Therefore, the ordinance requirements of 75 Pa.C.S.A. §6109 are satisfied by Harrisburg Ordinance 138-59, Harrisburg Codified Ordinances, Art. 503.02:

It shall be the duty of the Traffic Division [of the Bureau of Police] . . . to enforce the highway traffic regulations of this City and all of the State vehicle laws applicable to highway traffic in this City. . . .

Defendant relies on Herdman, supra, which in turn relies on Commonwealth v. Rohrer, 31 Camb. Co. L.J. 33 (1981) to support his contention that signs must be posted which specifically warn of the

use of speed timing devices pursuant to 75 Pa.C.S.A. §6109(c):

(c) When traffic-control devices required. — No regulation or ordinance enacted under subsection (a) . . . (11) . . . shall be effective until official traffic-control devices giving notice of the traffic regulations or ordinances are erected upon or at the entrances to the highway or part thereof affected as may be most appropriate.

This court is not persuaded by the defendant's reasoning.

Rohrer held "[t]here should be some reasonable warning or informational sign of [a speed timing devise] being used." Rohrer, supra, at 33. The sole authority cited for this premise was Commonwealth v. Brose, 412 Pa. 276 194 A.2d 322, (1963), which mandated the posting of warning signs before use of radio-microwave ("radar") devices. Brose, supra, was interpreting a provision of the old Motor Vehicle Code which had since been abrogated by deletion from the new Vehicle Code. See, Act of April 28, 1961, P.L. 108, §2, 75 P.S. §1002 and 75 Pa.C.S.A. §3368. The abolished provision pertained only to radar devices. Therefore, neither Brose nor the subsequent cases of Rohrer and Herdman can be construed as authority.

Section 6109(c) of the Vehicle Code does not require specific warning signs regarding the method of enforcement of local regulations or ordinances. The "traffic-control devices" need only give notice of the speed restriction being enforced. In Commonwealth v. Evanovich, No. SA 1266 of 1981 (Allegheny County), the Allegheny County Court succinctly stated that "[t]here is no more need to warn motorists that they are approaching a 'speed trap' than there is to post signs warning motorists that an

uniformed police officer is watching a particular intersection for stop sign violators."

Signs warning of speed timing devices are not "traffic-control devices," because such signs merely give notice of tools utilized to enforce local regulations and ordinances. Evanovich, supra. A speed limit sign gives adequate notice of ordinances enacted pursuant to 75 Pa.C.S.A. §§6109(a) (11) and 6109(c), because the sign implies enforcement.

This court concludes that the evidence obtained through the use of "Speed Chek" is admissible. There is no requirement for either specific local ordinances authorizing such devices or specific warning signs giving notice of the use thereof.

Accordingly, we enter the following

### ORDER

And now, March 1, 1982, motions for new trial and in arrest of judgment filed on behalf of defendant, Vance Allen Hurrell, are denied, and the conviction of the defendant is affirmed. The sentence of a fine of $51 and costs is sustained.