## Creps Motor Vehicle Operator License Case.

18

Argued November 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*James G. Moore,* for appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him *David Stahl,* Attorney General, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., December 12, 1962:

The Secretary of Revenue suspended the motor vehicle operating license of John H. Creps, appellant, for driving at an excessive rate of speed in violation of §1002 of The Vehicle Code.[1] The Court of Common Pleas of Indiana County sustained that action and this appeal followed.

On May 12, 1961, appellant was apprehended by the Pennsylvania State Police for speeding at the rate of 70 miles per hour in a 50 mile per hour speed zone, on Route 22, in Westmoreland County, Pennsylvania. An information was filed before a Justice of the Peace in New Alexandria, Pennsylvania, on May 25, 1961, and the defendant subsequently paid fine and costs totaling $15. A departmental hearing was conducted on December 27, 1961, at which time the appellant appeared and testified. On the basis of information in file and adduced at said hearing, a two month suspension was imposed.

The appellant contends that the Commonwealth failed to prove that the speedometer of the arresting officer's vehicle had been tested or that it was accurate.

Section 1002 of The Vehicle Code provides in part:

". . . the rate of speed may be timed, for a distance of not less than one-quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation. An official certificate

---

[1] Act of April 29, 1959, P. L. 58, §1002, as amended by Act of November 19, 1959, P. L. 1531, §1, 75 P.S. 1002.

from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, if necessary, the date thereof, and the degree of accuracy of such speedometer, shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary, and of the accuracy of the speedometer, in every proceeding where an information is brought charging a violation of this section.

"The secretary shall have the authority to appoint official stations for testing speedometers, and may prescribe regulations as to the manner in which such tests shall be made, and shall issue to such stations official inspection certificate forms."

Appellant argues that under these statutes the burden was upon the Commonwealth to show that the appellant had been (1) timed by a peace officer, (2) for at least one-quarter mile, (3) in a vehicle, the speedometer of which had been tested for accuracy within thirty days. The proof of the Commonwealth on the matter of the tested speedometer consisted entirely of the introduction of an official certificate which showed that the arresting officer's speedometer had been tested and found accurate sixteen days prior to the offense. Appellant produced as a witness the mechanic who had made the test of the state police vehicle and signed the certificate. He stated that he tested only the dial of the speedometer and no other part of the speedometer system. He further stated that it is possible to test the accuracy of the rest of the system by a very simple proceeding, but that they did not check or test things as a matter of routine, but only upon receiving a complaint from the state police.

The prima facie evidence of the certificate was conclusively substantiated here by the very person who signed it, and such prima facie evidence was not over-

come by the appellant. The mechanic testified that the speedometer tests were made in complete accordance with the regulations prescribed by the Secretary of Revenue and the Department of Highway Safety. From the testimony of the mechanic, it is apparent that complete testing of the speedometer system presumes that the size of the wheels and the size of the tires and any other equipment which was involved, including inflation of the tires, would be in the same relationship as when the speedometer was calibrated at the factory. If absolute proof of the speedometer's accurate operation were required, it would be necessary for the Commonwealth to prove, also, the accuracy of the mechanical devices used in applying the test, making it difficult, if not impossible, for enforcement officials to obtain a conviction in any speeding violation. *Commonwealth v. Parish,* 138 Pa. Superior Ct. 593, 10 A. 2d 896. In that case this Court stated, at page 597, "There was no burden on the Commonwealth of proving the accuracy of the officer's speedometer except by competent proof that it had been 'tested for accuracy within a period of thirty days prior to the alleged violation.' "

Here, in the absence of evidence to the contrary, which the appellant was unable to offer since by his testimony his own speedometer was defective, there is no basis in the record to challenge the accuracy of the police officer's speedometer or the testing procedures set by the Secretary of Revenue.

The appellant further contends that the Official Certificate of Testing and Accuracy is invalid because the regulation of the Secretary of Revenue unreasonably departed from authority and violates the standards of administrative due process. The appellant does not designate any particular article or section of either the Constitution of the United States of America or of the Constitution of this Commonwealth which he believes

to have been violated. The Legislature has given the Secretary of Revenue the authority to appoint official stations for testing speedometers and the capacity to prescribe regulations as to the manner in which such test shall be made.

The principle prohibiting delegation of legislative power by the General Assembly is not violated by delegations merely of details of administration. *Wilson v. Philadelphia School District,* 328 Pa. 225, 195 A. 90. Although the Legislature cannot delegate the power to make laws, it may, where necessary, confer authority and discretion in connection with execution of the law; and it may establish primary standards and impose upon others the duty to carry out the declared legislative policy in accordance with the several provisions of the act. *Belovsky v. Redevelopment Authority of Philadelphia,* 357 Pa. 329, 54 A. 2d 277. The record shows that the testing of the officer's speedometer in this case was done in accordance with the regulations prescribed by the Secretary of Revenue pursuant to the act of the Legislature. The method of testing was the current standard method used throughout the Commonwealth. There is, therefore, no violation of any constitutional provision or of administration of due process of law.

Order affirmed.