## Higbee License

*Michael J. Wherry, Jr.*, for appellant.

*William C. Kuhn*, for Secretary of Revenue.

RODGERS, P. J., January 20, 1964.—Defendant has appealed to this court from the action of the Secretary of Revenue suspending his driving privileges.

### Findings of Fact

1. On September 20, 1962, about 5:10 a.m., appellant was arrested and charged with operating a GMC flat bottom tractor-trailer in a southerly direction at a speed of 54 miles an hour along and upon U. S. Route 19 in Coolspring Township, Mercer County, Pa., approximately two miles north of Mercer, Pa., such arrest being made by officers of the Pennsylvania State Police who detected his alleged violation by use of radar apparatus.

2. The radar apparatus used in detecting appellant's speed was of a type approved by the Secretary of Revenue and had been calibrated and tested for accuracy and found accurate within a period of 30 days prior to September 20, 1962.

3. Defendant was convicted before a justice of the peace. He has had two previous convictions. The Secretary of Revenue suspended his license for 60 days.

4. The officer operating the radar device was not asked and did not state the effective range of his radar device or the type of radar he had used.

5. The officer was in doubt concerning the distance from the radar device to defendant's vehicle at the time the radar reading was made.

### Conclusions of Law

1. While the Commonwealth does not have to prove a case beyond a reasonable doubt to sustain a suspen-

sion of driving privileges, it must prove by a preponderance of the evidence that defendant was guilty of the offense which is the basis of the suspension.

2. Proof that a radar device has been tested and found to be in proper operating condition has little probative value unless coupled with proof that the device was employed within its normal capabilities.

3. The court may not assume the capabilities of the instrument. They must be proven by probative evidence.

This appeal presents a very narrow question. The officer who operated the radar apparatus did not state the effective range of the device, and the remainder of his testimony would indicate that he would not have known had he been asked. The officer was in doubt concerning the distance from the device to defendant's vehicle at the time the reading was made.

What is the effective range of a radar device? Is it accurate within any limit within which it will make a recording? We do not know this, and the evidence in this case supplies us with no information on the subject. We cannot say that defendant's vehicle was within the effective range of the device at the time the reading was made.

We, therefore, conclude that the Commonwealth has not proven a case which would justify the suspension of defendant's driving privileges.

### Order

And now, January 20, 1964, the action of the Secretary of Revenue is reversed, and the Secretary of Revenue is directed to restore defendant's driving privileges.