## Commonwealth v. Startzenbach

*Richard L. Campbell*, for Commonwealth.

*Austin O. Furst*, of *Furst & Furst*, for defendant.

CAMPBELL, P. J., December 18, 1968.—This court recently found defendant guilty of driving 65 miles per hour in a 55 miles-per-hour speed zone in violation of section 1002(B)(6) of The Vehicle Code. In doing so, the court admitted into evidence, over objection of defense counsel, a certificate of speedometer accuracy for the police vehicle involved. The certificate stated that on July 23, 1968, the official speedometer testing station tested the speedometer for accuracy and found the same to be *five miles fast at all speeds*. The correctness of the court's ruling on the admission of the certificate of speedometer accuracy has now been raised by a motion in arrest of judgment.

Prior vehicle codes required that the official certificate of speedometer accuracy comply with the provision that it indicate that an adjustment for accuracy had been made where a deviation was found. However, The Vehicle Code has been amended by requiring that the certificate now show that the speedometer was adjusted for accuracy only *if necessary*: The Vehicle Code of April 29, 1959, P. L. 58, sec. 1002, as amended, 75 PS §1002(d)(1). We quote the relevant portion of the statute in its entirety:

" . . . An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, *if necessary*, the date thereof, and the degree of accuracy of such speedometer, shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary, and of the accuracy of the speedometer, in every proceeding where an information is brought charging a violation of this section". (Italics supplied.)

Two limited questions are, therefore, at issue: Does a speedometer found to be five miles fast at all speeds require an adjustment within the requirements of section 1002(d)(1) of The Vehicle Code? If so, and if the adjustment was not made, may the certificate be admitted into evidence?

As we read the act, the certificate of speedometer accuracy must show four things before it may be considered competent and prima facie evidence of the speedometer accuracy, to wit: that (1) the test was made; (2) the speedometer was adjusted if necessary; (3) the date of the test and/or the adjustment, if applicable; and (4) the degree of accuracy of the speedometer.

Our attention is devoted to the requirement that an adjustment be made, *if necessary*. The statute offers no definition of a "necessary adjustment".

A speedometer which was found to be 99 percent accurate did not necessitate an adjustment: Spangler License, 37 D. & C. 2d 588 (1964); Commonwealth v. Jones, 8 Adams 171.

Although decided under a prior statute, the case of Commonwealth v. Rohlin, 75 Montg. 52 (1958) holds that a 98 percent standard of speedometer accuracy was allowed.

In the case before us, the deviation of five miles an hour would be the equivalent of 92 percent accuracy at a speed of 65 miles per hour, with a correspondingly lower degree of accuracy at slower speeds. We hold that this necessitates an adjustment for accuracy.

The statute involved grants constitutional authority to the Secretary of Revenue to prescribe regulations as to the manner in which speedometer tests shall be made: Section 1002(d)(2); Creps Motor Vehicle Operator License Case, 200 Pa. Superior Ct. 17 (1962).

The official inspection station rules and regulations issued by the Secretary of Revenue, as of June 1966, section E, paragraph IX, subsec. 2 (page 19) provides as follows:

"The speedometer must be as near 100% accurate as humanly possible before a speedometer certificate of accuracy can be issued".

Surely it was the intention of the legislature that cars used to enforce traffic speeds should be equipped with accurate speedometers. We deem the word "accurate" to be more nearly classified as an absolute adjective rather than a relative one. If we permitted the deviation contended for by the Commonwealth, we would open the door to further conjecture. The next case would involve a lesser degree of accuracy. The line must be drawn somewhere, and we prefer to adhere to the requirement that the speedometer be as near 100 percent accurate as possible and allow exceptions only in extreme cases, or where the extension of this ruling would pervert justice.

The statute involved requires the certificate to state the "degree of accuracy". We perceive this to mean percentage or ratio which is not shown on the certificate in this case. We do not now hold that, if this were the only defect, we would refuse to admit the certifi-

cate, but make mention thereof for the benefit of enforcement officers and officials.

We are of the opinion that the certificate of speedometer accuracy in this case was, initially, improperly admitted and now hold it inadmissible. The statute specifically indicates what the certificate shall contain. Sister courts of this Commonwealth have held the same inadmissible where it does not comply: Commonwealth v. Loos, 67 D. & C. 586 (1949) ; Commonwealth v. Houseknecht, 19 D. & C. 2d 48 (1959).

Since the speedometer should have been adjusted for accuracy and with no competent certificate of speedometer accuracy available in this case, we must allow defendant's motion in arrest of judgment and, therefore, enter the following order:

And now, December 18, 1968, defendant's motion in arrest of judgment is granted and defendant is discharged, costs to be paid by the County of Centre.