Commonwealth *v.* Corbett, Appellant.

Argued September 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John J. Krafsig, Jr.,* for appellant.

*Ervin S. Fennell, Jr.,* Assistant District Attorney, with him *John K. Reilly, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 30, 1969:
Judgment of sentence affirmed.

---

CONCURRING OPINION BY MONTGOMERY, J.:
Appellant was convicted in the Quarter Sessions Court of Clearfield County of driving his automobile 68 miles per hour in a zone wherein the limit was established at 55 miles per hour for passenger cars and 45 miles per hour for trucks. His speed had been de-

termined by a Model 85 radar speed measuring device manufactured by Eastern Industries Corporation.

Appellant asserts four reasons for overturning his conviction. First, he contends that there is no evidence to establish the effective range of the device or its location at the time the reading was taken. The authority offered in support of this argument is the case of *Higbee License*, 33 Pa. D. & C. 2d 724, decided in 1964 by Hon. HERMAN RODGERS, President Judge (now retired), of Mercer County. In my opinion, the record in the present appeal discloses ample evidence to establish the location and position of the equipment, contrary to the appellant's contention. The device was in a car parked along the south berm of Pennsylvania Route 410, nine tenths of a mile west of the village of Rockton with the front of the car facing east, and was directed at appellant's approaching car traveling west from that village. Although there is no testimony as to the zone of influence of the radar equipment, the evidence does establish that the reading was taken as appellant's car passed the radar vehicle. Since radar is an instantaneous electronic timing device, *Commonwealth v. Bartley*, 411 Pa. 286, 191 A. 2d 673 (1963), and the evidence clearly established at what point the timing was recorded, its range of influence east or west of that point would be immaterial in this case. Thus there is no merit in appellant's first contention.

*Commonwealth v. Perdok*, 411 Pa. 301, 192 A. 2d 221 (1963), support's appellant's second contention that there must be evidence to establish the fact that the radar device being used must have been approved by the Secretary of Revenue. However, that requirement was satisfied by the testimony of the police officer, that he was using a Model 85, No. 5124, manufactured by Automatic Signal Devices, Eastern Industries Corporation, and by Exhibit No. 1 offered in evi-

dence, being a certificate signed by Theodore B. Smith, Jr., Secretary of Revenue, and bearing the Commonwealth seal, stating that such a device had his approval. There is also in the record a certificate attesting to the accuracy of the device.

Appellant next complains that the evidence is insufficient to prove that the posted signs indicating that radar was being enforced met the specifications established by the Secretary of Highways. Undoubtedly signs are a requirement for conviction. Section 1002 (d.1) (1) (iii) of The Vehicle Code, 75 P.S. §1002 (pp), provides for official warning signs and Section 1002(d.1) (3) gives the Secretary of Highways authority to establish the size, color and type of such signs. *Commonwealth v. Brose*, 412 Pa. 276, 194 A. 2d 322 (1963), and *Commonwealth v. Perdok*, supra, confirms this. However, neither case holds that the signs must be exact in meeting the specifications for same as established by the Secretary of Highways. On the contrary, this Court in *Fornwalt Motor Vehicle Operator License Case*, 203 Pa. Superior Ct. 411, 202 A. 2d 115 (1964),[1] approved the use of a sign reading "Radar Enforced", which varied from the words of the statute, "radar is in operation", and we held that any sign that would "indicate" this fact meets the requirement of the Act. More importantly, any sign that indicates that fact, although it may vary in certain particulars from the sign prescribed by the Secretary of Revenue for that purpose, should also be sufficient. The sign in this case read "Radar Enforced". In my opinion, the evidence shows the sufficiency of notice to motorists that radar is in operation in the area. Subsection

---

[1] Also see *Creps Motor Vehicle Operator License Case*, 200 Pa. Superior Ct. 17, 186 A. 2d 670 (1962), where reasonable compliance with the requirements of The Vehicle Code was approved in cases arising thereunder.

(b)(9) of §1002 has no application. Subsection (d.1)(3) gives the Secretary of Revenue authority to determine where signs are to be erected. He has regulated that they be placed on speed limit signs at intervals of not more than ten miles or separately within 400 feet of such speed limit signs. The evidence demonstrated that the requirements of this regulation were met.

For the foregoing reasons I concur in the order of the Court affirming the conviction and judgment thereon.