420 A.2d 612

**COMMONWEALTH of Pennsylvania**

**v.**

**John Patrick NARDEI, Appellant.**

Superior Court of Pennsylvania.

Argued April 16, 1980.

Filed June 6, 1980.

Sanford S. Finder, Washington, for appellant.

George Anthou, Assistant District Attorney, Washington, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

Appellant, John Patrick Nardei, has appealed from a summary conviction for speeding in violation of Section 3362 of the Vehicle Code.[1]

The sole issue raised by appellant is whether the radar unit employed to record the speed of his vehicle was approved by the Department of Transportation as required by Section 3368(d) of the Code.[2] That provision requires that "[a]ll mechanical, electrical or electronic devices shall be of a type approved by the department . . . [and] shall have been tested for accuracy within a period of 60 days prior to the alleged violation."[3]

The lower court found the type of radar unit employed, TR–6, to have been approved. In so concluding, it relied

1.  75 Pa.C.S.A. Section 3362.

2.  75 Pa.C.S.A. Section 3368(d).

3.  Appellant does not question the sufficiency of the certificate of electronic device (radar) accuracy introduced by the Commonwealth which indicated the instrument had been properly tested and calibrated 12 days prior to appellant's arrest.

upon certain language contained in the Department of Transportation's form certificate of accuracy, together with testimony of the arresting state trooper that had the device not been of an approved type, it would not have been tested or certified by the testing station.

After review of the record, including the Commonwealth's exhibits, we are compelled to conclude that such evidence is insufficient to establish that the type of radar device employed was of a type approved by the department.

In *Commonwealth v. Perdok*, 411 Pa. 301, 192 A.2d 221 (1963), our Supreme Court held that such a statement in a certificate of radar speed accuracy was not properly admissible to prove that the type of device cited therein was "of a type approved by the department." [4] Section 3368(d) only confers admissibility on the certificate of accuracy to prove the test was made within the required period and that the device was accurate. It does not, however, extend use of the certificate to proving approval of the *type* of device itself.

*Commonwealth v. Corbett*, 215 Pa.Super. 301, 258 A.2d 326 (1969), cited by the Commonwealth is readily distinguishable since in that case both a certificate indicating approval by the proper Commonwealth officer of the type of device and a certificate attesting to the accuracy of the specific machine were introduced. Instantly, only the latter document was produced.

Thus, though the evidence supports the finding that the unit had been tested for accuracy by an official radar speed meter testing station, the record is without the necessary and proper evidence to prove that the type of device, itself, had been approved by the Department of Transportation. The officer's testimony that the TR–6 would not have been certified by the testing station had it not been approved by

4. Under the Vehicle Code in effect when *Perdok* was decided, the Secretary of Revenue was designated as the Commonwealth's agent for approval of radar devices.

the Commonwealth merely presupposes the existence of such approval.

Judgment reversed.

PRICE, J., files a dissenting opinion.

PRICE, Judge, dissenting:

In *Commonwealth v. Gernsheimer*, 276 Pa.Super. 418, 419 A.2d 528 (1980), we affirmed a summary conviction for speeding[1] which was challenged on the basis of the Commonwealth's alleged failure to comply with the requirements of section 3368(d)[2] of the Vehicle Code pertaining to the approval and testing of speed timing devices. In my opinion, that decision controls the instant appeal.

I would affirm the conviction.