## Commonwealth v. Beatty

*Merrill W. Kerlin,* District Attorney, for the Commonwealth.
*Philip S. Cosentino,* for defendant.

KELLER, *J.,* February 19, 1981 — This trial de novo on an appeal from a summary conviction for speeding was heard on November 25, 1980.

## FINDINGS OF FACT

1. Trooper Kaiser P. Crittendon of the Pennsylvania State Police, the arresting officer, was coming to a stop in the medial strip of I-70 approximately 100 yards west of the Maryland line in Bethel Township, Fulton County, Pa., 11:23 am on August 9, 1980, when he observed defendant approaching the Maryland-Pennsylvania line from Maryland traveling in a westerly direction at a high rate of speed.

2. Trooper Crittendon brought his unmarked police cruiser to a full stop in the medial strip, facing north with the motor turned off as defendant crossed the state line.

3. The officer pointed his Model 100 Ray Gun Decatur Electronics, SN127935, out the open passenger window at the defendant's approaching vehicle and "beamed " him when he was approximately 50 yards from the officer's position.

4. The speed limit on I-70 was 55 miles per hour. The officer's radar device registered the speed of defendant's vehicle at 73 miles per hour.

5. Trooper Crittendon pursued the defendant's vehicle and stopped it one-quarter mile west of the state line. A citation for speeding was issued to the defendant.

6. At the trial the Commonwealth introduced into evidence as Commonwealth's Exhibits 1 and 2 documents establishing Wilbur D. Files, State College, Pa. as an authorized testing station and a certificate of the testing station that Model 100 Ray Gun Dacatur Electronics SN127935 was tested July 2, 1980 respectively.

7. The radar device was tested for accuracy by an approved testing station within 60 days of the issuance of the citation to defendant.

8. Trooper Crittendon tested his radar device with a tuning fork at 10:00 am at a speed monitoring location in Brush Creek Township, Fulton County, Pa. approximately six miles from the point where he observed defendant.

9. Trooper Crittendon next tested his radar device with the tuning fork at 11:45 am. He did not test the device after he moved from his surveillance location in Brush Creek Township to the location in Bethel Township where he observed the defendant.

10. On cross-examination Trooper Crittendon testified that he was familar with the Pennsylvania State Police manual dealing with radar and its use; and that regulations require Model TR6 radar to be tested after each move, but require testing of Model 100 only after each arrest, and not after each move. He made no arrests from 10:00 am until he apprehended defendant.

11. After the Commonwealth rested counsel for defendant demurred to the evidence on the grounds that the Commonwealth failed to introduce evidence that Model 100 is a radar device approved by the Pennsylvania Department of Transportation. In response the District Attorney stated that the court may take judicial notice of the Department's approval. He did not specifically request the court to take judicial notice at any time during the presentation of its case.

In the defendant's case-in-chief Trooper Crittendon was called as on cross-examination, and defendant testified that he was aware of the presence of the officer, that he saw the officer pointing the radar gun at him, and that he was driving at 55 miles per hour.

In defendant's closing argument he contended:

1. That the Commonwealth had the burden of establishing that the Model 100 ray gun detector was approved by the Department of Transportation.

2. That the Department of Transportation's approval of such device must be established by the Commonwealth either by presenting a certificate of approval as evidence or requesting the court to take judicial notice of official action indicating such approval.

3. That the Pennsylvania State Police have a regulation which requires the field testing of all radar devices approved by the Department of Transportation after each change of location.

4. That a speeding prosecution based on the reading of a radar device must be dismissed if Pennsylvania State Police regulations requiring field testing of the device after each move were not complied with.

To the contrary the District Attorney contended that the Commonwealth did not have to prove the Model 100 was approved by the Department of Transportation because the court could take judicial notice of the fact. He also argued that no evidence had been introduced supporting defendant's theory that State Police regulations required the retesting of the Model 100 each time there was a move.

By agreement of counsel the court deferred rendering a decision in the case until counsel had had an opportunity to research and brief the legal issues raised. Briefs of counsel have been submitted, and the matter is ripe for disposition.

Counsel for defendant was denied the opportunity to personally examine the Pennsylvania State Police regulations concerning radar, but he was advised that the radar device must be tested "after each session but not after each change of location." Counsel did not brief defendant's issues 3 and 4, and we will consider them abandoned.

The issue before the court is whether Department of Transportation approval of the radar device used in the case at bar is an essential element in the crime of speeding which the Commonwealth must prove beyond a reasonable doubt either by documentary evidence or by requesting the court to take judicial notice of the approval to secure a conviction.

The Act of July 9, 1976, P.L. 877, Pa. C.S.A. 506 provides: "The contents of the code, of the permanent supplements thereof, and of the bulletin, shall be judicially noticed."

Vol. 10, No. 31 Pennsylvania Bulletin 3199 provides inter alia:

Title 67. Transportation

Department of Transportation

Chapter 337. Mechanical, Electrial and Electronic Speed-Timing Devices

Subchapter A. General Provisions

Sec. 337.1. Purpose.

This chapter designates types of devices, mechanical, electrical and electronic, approved by the Department for use by police in timing the rate of speed of vehicles; provides for the appointments of stations for calibrating and testing such devices and regulates the manner in which calibrations and tests shall be made.

Subchapter B. Electronic Devices

Sec. 337.10. Approved electronic equipment.

The following types of electronic devices are approved by the Department for use in timing the rate of speed of vehicles.

(4) Model 100, Decatur Ray Gun, Manufactured by Decatur Electronics, 725 Bright Street, Decatur, Illinois.

In Commonwealth v. McLaughlin, 31 Beaver Co. L.J. 84 (1971), a speeding case, the Commonwealth failed to prove that the radar device had been approved by Department of Transportation. Relying on language in the Commonwealth Documents Law, identical to the language above quoted from the Act of 1976, Judge Salmon held:

In accordance with the Pennsylvania Documents Law, this court takes judicial notice of the Secretary's approval of the Model 55 Electronic Speed Meter device. The court finds from the testimony that the defendant did violate the Motor Vehicle Code by traveling at a rate of 66 miles per hour in a zone properly posted for a speed limit of 45 miles per hour. The Court therefore finds the defendant guilty.

In Commonwealth v. Gernsheimer, 276 Pa. Super. 418, 419 A.2d 528, 530 (1980), a three judge panel of the Superior Court consisting of Cercone, P.J., and Watkins and Lipez, JJ., In an appeal from a speeding conviction involving radar, held:

We hold that in prosecuting speeding cases where a radar or other electronic device is used to calibrate a defendant's speed that in order to introduce the results of such into evidence the Commonwealth must offer a Certificate, certified by the Secretary of Transportation or his designee certifying the agency which performs the tests on the devices as an official testing station, and must introduce a Certificate of Electronic Device (radar) Accuracy into evidence. The Certificate of Electronic Device (radar) Accuracy must be signed by the person who performed the tests and the engineer in charge of the testing station, must show that the device was accurate when tested by stating the various speeds at which it was tested and the re-

sults thereof, and must show, on its face, that the particular device was tested within sixty (60) days of the date it was used to calibrate the particular defendant's speed. See Commonwealth v. Druschel, 36 D.&C. 2d 398 (1966).

In Roskwotalski v. Reiss, 266 Pa. Super. 29, 402 A. 2d 1061 (1979), the Superior Court held referring to the Act of 1976, supra:

"The Commission's rules are promulgated in the Pennsylvania Code, and courts must take judicial notice thereof. 45 Pa. C.S. Sec. 506."

Based upon the foregoing, the Commonwealth's argument that it should not be necessary to request the court to do what the law directs that the court shall do, viz., judicially notice that the Model 100 radar device was approved by the Department, not only in the August 2, 1980 Pennsylvania Bulletin (Vol. 10, No. 31, P. 3199), but also on August 27, 1977 in 7 Pennsylvania Bulletin 2422, is highly persuasive.

Defendant, however, contends in Commonwealth v. Nardei, 278 Pa. Super. 420, 420 A. 2d 612 (1981) the Superior Court reversed its decision in Gernsheimer, supra, and made proof of the Department approval of the specific type of radar device used an essential element of the Commonwealth's case-in-chief. In Nardei, a three judge panel of the Superior Court consisting of Judges Price, Brosky and Montgomery held with Judge Price dissenting:

Thus, though the evidence supports the finding that the unit had been tested for accuracy by an official radar speed meter testing station, the record is without the necessary, and proper evidence to prove that the type of device, itself, had been approved by the Department of Transportation. The officer's testimony that the TR-6 would not have been certified by the testing station had it not been approved by the

Commonwealth merely presupposes the existence of such approval. At p. 613.

In Commonwealth v. Todd, 477 Pa. 529, 533, 384 A. 2d 1215 (1978), the Supreme Court of Pennsylvania held:

"Penal statutes must be strictly construed, 1 Pa. C.S.A. Sec. 1928 (b)(1) (Supp. 1977-78) . . . , and it is fundamental that the Commonwealth must prove every essential element of a crime beyond a reasonable doubt. Commonwealth v. Cropper, 463 Pa. 529, 535, 345 A. 2d 645, 648 (1975), quoting Commonwealth v. Rose, 457 Pa. 380, 389, 321 A. 2d 880, 884 (1974).

Gernsheimer and Nardei are in our judgment in irreconcilable conflict. Since the dissent cites Gernsheimer, it cannot be assumed that that decision was not considered. We must conclude that the decision in Nardei establishes the rule that the Commonwealth must prove in speeding prosecutions where radar is used that the radar device was approved by the Department of Transportation. This, of course, would not preclude the Commonwealth from doing so by requesting the trial court to take judicial notice of such approval in the Pennsylvania Bulletin. By doing so the record would be complete, and it would provide the trial judge with the opportunity of calling upon the prosecuting attorney to aid him in obtaining such information. 14 P.L.E. Evidence Sec. 14.

It is the duty of the trial courts to follow the guidance of our appellate courts. We are not entirely certain how that rule should be applied where we find panels of the same court in total disagreement. However, until we receive more definitive guidance we believe we must accept the most recent decision as the law on the subject.

## ORDER OF COURT

Now, this February 19, 1981, we find the defendant not guilty by reason of the failure of the Common-

wealth to prove beyond a reasonable doubt that the radar device here used was approved by the Department of Transportation.

Exceptions are granted the Commonwealth.