## John William Rich, Jr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs January 31, 1983, to Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*Martin J. Cerullo, Frumkin & Manta, P.C.*, for appellant.

*Elwood R. Harding, Jr.*, Assistant District Attorney of Columbia County, for appellee.

OPINION BY JUDGE BLATT, May 2, 1983:

John W. Rich, Jr. (appellant) appeals here[1] from an order of the Court of Common Pleas of the 26th Judicial District Columbia County Branch wherein he was adjudged guilty of driving a vehicle at a rate of 75 miles per hour in a 55 mile per hour zone, in violation of Section 3362(a) of the Vehicle Code, 75 Pa. C. S. §3362(a).

The evidence presented to the trial court includes the testimony of a state policeman, Trooper Thomas Reddon, who testified that on November 16, 1980, at 11:25 A.M., he observed a vehicle being operated by the appellant. After using his radar gun, which registered that the vehicle was traveling at 75 miles per hour, he pulled the vehicle over and issued a citation to the driver. Trooper Reddon testified that he had

---

[1] The Superior Court has exclusive appellate jurisdiction of this appeal, inasmuch as it is an appeal from a final order of a court of common pleas and is not within the class of appeals within the exclusive jurisdiction of the Supreme Court of the Commonwealth Court. Section 742 of the Judicial Code, 42 Pa. C. S. §742. The appellee, however, has not objected to the jurisdiction of the Commonwealth Court in a timely fashion, and, in the interest of judicial economy, this appeal having already been briefed, we have chosen not to transfer it *sua sponte* to the Superior Court. Pa. R.A.P. 741 (a). We will, therefore, decide it on the merits.

been trained in the use of the radar gun, that his gun had been certified for accuracy by an authorized testing station on November 6, 1980, and that, a few minutes before he stopped the appellant, he had subjected the gun to another type of accuracy test which indicated that it was in proper working order.

The testimony of the appellant indicates that, at the time in question, he was on his way to meet someone on business, he was lost, and that he did not then and does not know now how fast he was driving. On cross-examination, when questioned by the assistant district attorney, the appellant testified as follows:

Q: Do you deny that you were exceeding the speed limit?

A: *I don't think I am denying that, no.*

Q: *So that you don't deny that you were speeding?*

A: What I am saying is that I wasn't going seventy-five.

Q: How fast were you traveling?

A: Well, it seems ironic that I was going exactly 75, not 74, or 73, or 76—it just seems like a convenient figure, 75.

Q: How fast were you going?

A: *I don't have any idea.* I was lost. I was not familiar with the road. I was heading west. *I don't know how fast I was going.*

Our scope of review, here, where the trial court has heard the case de novo, is to determine whether or not the findings of fact are supported by competent evidence and whether or not errors of law have been committed. *Pratt v. Department of Transportation, Bureau of Traffic Safety*, 62 Pa. Commonwealth Ct. 55, 434 A.2d 918 (1981).

The trial judge identified the issue in the instant case as "one of credibility" and he "accordingly . . .

adjudge[d] the [appellant] guilty of traveling at a rate of 75 miles per hour in a 55 mile per hour zone.''

The appellant argues that the issue is not one of credibility, but rather whether or not the evidence presented below was sufficient to sustain a conviction. He notes that ''a car traveling at 75 miles per hour requires much more distance in which to stop than was testified to below'', and he questions the trooper's testimony that the appellant was pulled over ''about one hundred or two hundred feet'' from where the trooper was *initially stationed*. Reasoning that it would be impossible to stop in such a distance if he had been traveling at 75 miles per hour, the appellant argues that it was therefore impossible for him to have been traveling at that rate of speed.

The bare assertion that he stopped within 200 feet of where the trooper's vehicle had been stationed, absent any evidence demonstrating the significance of such a fact,[2] is not in and of itself supportive of a conclusion that he was not traveling at the speed reported.[3] Moreover, the appellant's testimony indicated that, in his estimation, he could have stopped ''in that distance'' only if he had slammed on the brakes, which

[2] The record here contains absolutely no evidence whatsoever relating to the required stopping distance for a vehicle traveling at 75 miles per hour.

[3] We also note that the appellant's testimony serves to contradict his argument concerning the stopping distance. Before us, he is arguing that his total stopping distance was less than two hundred feet—yet in his testimony before the trial court he admitted that ''he noticed the police car and the radar,'' prior to reaching it, and that ''as soon as [he] saw him [he] pulled over.'' Of course, we have no way to determine where he was in relation to the police vehicle at the time that he commenced braking.

Obviously, the appellant is confusing the distance from the stationary police vehicle within which he stopped, with the *total* stopping distance. The total stopping distance would be from the point at which he *first* noticed the police car and commenced braking to the point at which his car came to a halt.

he claims he did not do. This, however, is a question of credibility, and it is the trial court's function, not ours, to decide on the credibility of witnesses and to reconcile conflicts in the evidence. *Spirer v. Commonwealth*, 52 Pa. Commonwealth Ct. 381, 416 A.2d 587 (1980).

We believe that the trial court correctly identified the issue here as one of "credibility", and, keeping in mind that credibility determinations are not within our scope of review, *Spirer*, a careful review of the record has convinced us that there is competent evidence in the record to support the trial court's conclusion. We will affirm its order.

## Order

And Now, this 2nd day of May, 1983, the order of the Court of Common Pleas of the 26th Judicial District Columbia County Branch in the above-captioned matter is hereby affirmed.

---

The officer's testimony related *solely* to the distance in which the appellant stopped after passing him, *not* to the *total* stopping distance.

Additionally, the record is very unclear as to how far from the radar unit the appellant was, at the time that it registered 75 miles per hour. Conceivably, he could have been a considerable distance from the radar unit, when he commenced braking, and thus, could have been traveling at a rate of speed lower than 75 miles per hour at the time that he was parallel to the police vehicle.