## Commonwealth v. Hamaker

*James P. Gregor, assistant district attorney,* for the commonwealth.
*David R. Dautrich,* for defendant.

O'BRIEN, *J.,* September 18, 1987—On February 26, 1987, a Kustom KR-10 Radar Unit underwent extensive tests by an approved testing station and was determined to be functioning properly. On March 8, 1987, the radar unit was utilized by a state trooper who clocked defendant operating his motor

vehicle at 65 m.p.h. in a 55 m.p.h. zone in Hamilton Township, Monroe County, Pa. Following a conviction by a district justice, defendant filed an appeal to this court. At a trial de novo held on August 25, 1987, we found defendant guilty of a violation of 75 Pa.C.S. §3362. Defendant has filed timely postverdict motions which are now before the court for disposition.

At trial, defendant introduced into evidence, an operator's manual produced by the manufacturer of the Kustom KR-10 Radar Unit which delineates three or four tests which may be utilized to assure the accuracy of the unit. Testimony at trial disclosed that the arresting trooper utilized a tuning fork test described in the operator's manual prior to clocking defendant's vehicle, but did not utilize the other tests recommended. In his brief, counsel for defendant argues that the failure of the arresting trooper to utilize all of the tests recommended by the operator's manual prior to clocking defendant makes his testimony insufficient as a matter of law to sustain a conviction in this criminal proceeding. In support of this proposition, defendant relies upon the decision of President Judge MacPhail of the court of common pleas of Adams County in *Commonwealth v. Hunsberger,* 18 Adams County L.J. 28 (1976). In that case, Judge MacPhail posed the following question:

"Does the failure of the Pennsylvania State Police to comply with the regulations pertaining to the use of radar, make the results inadmissible or does it merely affect the credibility and reliability of the results?"

Although Judge MacPhail found defendant not guilty, he answered his own question as follows:

"Therefore, we are not prepared to say at this time that the results of the radar equipment are inadmissible where the requirements of the regulations have not been met."

We share the conclusion reached by Judge MacPhail, now a member of the Commonwealth Court, that the issue is one of weight to be accorded the evidence not the admissibility thereof.

*Commonwealth v. Hunsberger,* supra and *Commonwealth v. Pavlik,* 26 Cumberland County L.J. 142 (1976) are both distinguishable from the case at bar in that both cases involved the failure of an arresting officer to comply with mandatory regulations of the Pennsylvania State Police. Clearly the failure of a member of any administrative agency to comply with that agency's own regulations with respect to the operation of equipment committed to them is a serious matter affecting the credibility of evidence. However, in the instant case there is no evidence that the arresting trooper failed to comply with any regulation of Pennsylvania State Police in effect in 1987. Further, in view of the extensive experience of the arresting officer in utilizing the radar set at issue and the fact that it was thoroughly tested approximately 10 days prior to the date of the citation, we find the evidence sufficient to sustain a conviction. An evaluation of the evidence in this proceeding clearly meets the criteria set forth in *Rich v. Commonwealth,* 74 Pa. Commw. 76, 458 A.2d 1069 (1983) to sustain a conviction for speeding by use of radar evidence.

## ORDER

And now, this September 18, 1987, defendant's post-verdict motion is denied and defendant Richard A. Hamaker is directed to appear before the

court for sentencing on September 25, 1987, at 9:30 a.m. in Courtroom No. 2, Monroe County Courthouse, Stroudsburg, Pa.