## Commonwealth v. Naddeo

*Fred Ammerman, district attorney,* for the commonwealth.

*Chris A. Pentz,* for defendant.

REILLY, May 12, 1988 — This is an appeal from a summary conviction. Following hearing on February 26, 1988, the parties were requested to submit briefs. Defendant, James A. Naddeo, was charged with violation of 75 Pa.C.S. §3362, for driving a vehicle at a speed in excess of the maximum speed

limit, specifically for driving a vehicle 73 miles per hour in a 55-mile-per-hour zone.

The issue presented is whether it is proper for this court to hear a collateral attack on a radar device that was approved by the legislature.

At the hearing, the commonwealth presented evidence and testimony that the radar device that was used to determine defendant's speed was of a type approved for use by the Pennsylvania Department of Transportation, and this was not disputed by defendant. The statute dealing with speed timing devices, 75 Pa.C.S. §3368, provides in part:

"(d) *Classification, approval and testing of mechanical, electrical and electronic devices* — The department may, by regulation, classify specific devices as being mechanical, electrical or electronic. All mechanical, electrical or electronic devices shall be of a type approved by the department, which shall appoint stations for calibrating and testing the devices and may prescribe regulations as to the manner in which calibrations and tests shall be made. The certification and calibration of electronic devices under subsection (c)(3) shall also include the certification and calibration of all equipment, timing strips and other devices which are actually used with the particular electronic device being certified and calibrated. The devices shall have been tested for accuracy within a period of 60 days prior to the alleged violation. A certificate from the station showing that the calibration and test were made within the required period, and that the device was accurate, shall be competent and prima facie evidence of those facts in every proceeding in which a violation of this title is charged."

A summary conviction for speeding was reversed for insufficient proof that the radar was of a type approved by the department. See *Commonwealth v.*

*Nardei,* 278 Pa. Super. 420, 420 A.2d 612 (1980). Where radar or any other electronic device is used to calibrate defendant's speed, the commonwealth, to introduce the result, must offer certification by the Secretary of Transportation or his designee approving the agency which performs tests on such devices as the official testing station, and must introduce the certificate of electronic device (radar) accuracy into evidence. The certificate of electronic device (radar) accuracy must be signed by the person performing the tests and the engineer in charge of the testing station, and must show that the device was accurate when tested by stating various speeds at which it was tested and must show on its face that the particular device was tested within 60 days of the date it was used to calibrate the particular defendant's speed. See *Commonwealth v. Gernsheimer,* 276 Pa. Super. 418, 419 A.2d 528 (1980).

Defendant argues that section 3368(d) does not create any bar to a finding of improper use by the court, and certification of radar equipment does not preclude the court from finding credible evidence that a violation did not occur. At the hearing defendant's expert witness, Mr. Zlotnicki, testified that the radar was "thrown off." According to Mr. Zlotnicki's testimony, the radar reading of 73 miles per hour, which defendant allegedly traveled, was the result of a double Doppler effect. Mr. Zlotnicki testified that due to the physical characteristics of the surrounding terrain, the radar beam bounced off the hill side as well as defendant's vehicle and the splitting of the radar beam resulted in a double reading. According to Mr. Zlotnicki, a radar reading of 73 miles per hour would require an actual speed of either 104 miles per hour or 52 miles per hour. Mr. Zlotnicki also testified that the double Doppler

effect does not occur every time radar is used, and if it were possible to reconstruct the events exactly as they occurred, a double Doppler effect would not necessarily take place.

The commonwealth argues that defendant is attempting to attack the basic reliability of the radar device, and it is entirely proper for the court to take judicial notice of the reliability of radar without the necessity of the commonwealth providing expert testimony as to this issue. The commonwealth also argues that the introduction of the proper information and certificates by the commonwealth, as per the Motor Vehicle Code, qualifies the particular machine used in this case and provides evidence which is both competent and conclusive. Also, the commonwealth argues that given the scientific reliability of the radar device used in this case, the promulgation of regulations by the Department of Transportation and the Commonwealth of Pennsylvania as to the use, accuracy and reliability of radar devices, the ability of the court to take judicial notice of the accuracy of radar devices and the testimony as to the operation of the ray gun device used in this case, the contention by Mr. Zlotnicki is illogical and makes no sense.

This court is of the opinion that once the legislature approves a radar device, defendant may not successfully argue that the approved radar device is inaccurate (if properly and timely tested and calibrated). However, defendant may point to specific instances that the radar was not used in an acceptable manner. According to *Commonwealth v. Pavlik*, 26 Cumberland L.J. 142 (1976), radar-obtained evidence of speeding is inadmissible where the state police operated the unit in a hand-held manner not in compliance with regulations prescribing mounting of the unit, and where the state police, after

relocating the radar unit, failed to test it by tuning forks and by turning the function switch to the calibrate position as required by regulations.

The defense may also point to a question of credibility. In *Rich v. Commonwealth,* 74 Pa. Commw. 76, 458 A.2d 1069 (1983), the court held that it is the trial court's function to decide on the credibility of witnesses and to reconcile conflicts in the evidence. The trial judge identified the issue as "one of credibility" and he "accordingly . . . adjudge[d] the [appellant] guilty of traveling at a rate of 75 miles per hour in a 55-mile-per-hour zone." *Id.* at 78-9, 458 A.2d at 1071.

In the instant case, defendant is not arguing that the radar device was not used in a manner that was improper according to the regulations, nor is he arguing that the issue is one of credibility. However, defendant is arguing that the radar reading was not accurate based upon the double Doppler effect. Neither the commonwealth nor defendant were able to cite a case in their briefs that involved a decision based upon the double Doppler effect. Likewise, this court, in its research, is unable to point to a case.

Although the court finds the testimony of Mr. Zlotnicki to be credible and, since it was unrebutted, accurate, the court must also find that the officer operated the radar device in compliance with the governing regulations and is therefore of the opinion that statutory and case law require the following

## ORDER

Now, May 12, 1988, following hearing, it is the order of this court that the above-captioned appeal from summary conviction be and is hereby dismissed.